BRYANT *et al. v.* THOMPSON *et al.*

(*Supreme Court, General Term, Fifth Department.* April 16, 1891.)

WILL—CONDITIONS — REVOCATION IF CONTESTED — VALIDITY AS TO MINORS—PUBLIC POLICY.

By a codicil to a will, in case any beneficiary named in the will should, "in person or by another, contest the probate" of the will, the testator revoked all provisions therein in favor of such contestant. At the time the will was offered for probate testator's daughter, entitled under the will to the income of a trust fund, was nearly 19 years of age. The surrogate, of his own motion, appointed a special guardian to represent her in the proceedings. The special guardian contested the probate, and, as guardian *ad litem* of the daughter, appealed from the decision of the surrogate admitting the will to probate. The decision was affirmed on such appeal, before the daughter became 21 years of age, and thereafter no steps in the way of contesting the probate were taken. *Held,* that the contest was within the provision of the codicil, as a contest by the daughter, and could not be regarded as a contest by her special guardian merely; but that, while the condition imposed by the codicil might be valid as against parties of full age, as to the infant daughter it was void, as against public policy, because seeking to deprive the courts of the powers and duties imposed on them by law for the protection of infants.

Appeal from special term, Erie county.

Action by Warren Bryant and another, as executors of Francis W. Tracy, deceased, against Harriet F. Tracy Thompson and another, for the construction of the will of said Francis W. Tracy, and for instructions in regard to plaintiffs' duties as such executors. Plaintiffs appeal from the judgment entered on trial by the court.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*John G. Milburn,* for appellants. *John E. Parsons* and *Charles Robinson Smith,* for respondents.

MACOMBER, J. The plaintiffs, with the defendant Agnes Ethel Tracy, the latter declining for reasons of her own to join with the plaintiff in this action, are the executors of the last will and testament of Francis W. Tracy, late of the city of Buffalo. Mr. Tracy died on the 15th day of April, 1886, leaving a last will, with four codicils thereto. The testator left him surviving Agnes Ethel Tracy, his widow, and Harriet F. Tracy Thompson, his only child and heir at law. The latter was an infant, between 18 and 19 years of age, at the time of the death of her father. At his death Mr. Tracy was seised in fee of four valuable parcels of real estate in Buffalo, and of a large amount of personal property. By the terms of the second article of the second codicil the sum of $100,000 was set apart and placed in the hands of the executors as trustees, the income of which should be paid to the daughter, Harriet F. Tracy Thompson, during her life-time, the principal to be divided at the time of her death among her issue, if any; if none, then to become a part of the residuum otherwise disposed of. Upon the proceedings before the surrogate for the probate of such will, the special guardian, appointed by the surrogate, of the infant, Harriet F. Tracy Thompson, interposed an answer putting in issue the mental capacity of the testator to make the will and codicils, but the surrogate finally sustained the will, and admitted the same to probate. On appeal, this decree was affirmed by the general term of the supreme court.

This action is brought for the purpose of determining the conflicting claims to this fund of $100,000. The plaintiffs' case rests upon the contention that the respondent, by reason of the contest to the probate of the will which was made before the surrogate, and on the appeal to this court, forfeited whatever bequest she would otherwise have received had not such contest been made by her, and that consequently, under the provisions of the fifth article of the second codicil, the income of this trust fund belongs to Agnes Ethel Tracy, the widow. The fifth paragraph of the second codicil is as follows: "*Fifth.* In case any beneficiary named in my will and testament, whether a devisee, legatee, or *cestui que trust* therein named, shall, in person or by another, contest the probate of my said last will and testament, or any codicil thereto, or shall institute any proceedings of any kind with a view to avoid or annul my said last will and testament, or any codicil thereto, or any provision in my said last will and testament, or in any such codicil contained, then, and in either case, I do hereby revoke all provisions in my said last will and testament, or in any codicil thereto contained, in favor of the person or corporation contesting or seeking to avoid such last will and testament or codicil or provision; and if such contestant shall be my daughter, then I give, devise, and bequeath to my wife all the property which, under and by such last will and testament, and the codicils thereto, is or shall be given to my executors in trust for my said daughter's benefit. If my wife shall be such contestant, then I give, devise, and bequeath to my executrix and executors all the property which is by my last will and testament, or any codicil thereto, given to my wife, in trust for my daughter, and upon the same trusts in every particular as are specified in the second article of this codicil."

At the time the will was offered for probate, Harriet F. Tracy Thompson was nearly but not 19 years of age. She had been separated from her father in early infancy, had taken her mother's family name of Robinson, and had resided with her mother's relatives in and near the city of New York. The mother, having been estranged and divorced from her father, cherished bitter feelings towards him, which, to a considerable extent, had influenced the daughter also. The reasons assigned, however, by the testator for giving no larger portion of his estate to his daughter, reflected in no respect upon her; but they are stated by him to be that her mother was possessed of an ample fortune, and in addition thereto a handsome provision had been made for her by the testator's mother. The respondent, upon the return-day of the probate of the will, took no part, either personally or by a general guardian, in the selection of a special guardian who should appear for her in the proceedings in the surrogate's court. The surrogate thereupon, of his own motion, in pursuance of section 2530 of the Code of Civil Procedure, appointed a competent and capable member of the bar as special guardian, by an order duly entered May 11, 1886. The guardian consented in writing thus to assume the duties of taking care of the interests of the infant. He took vigilant measures to possess himself of his ward's case. He conferred, very properly, with her and the counsel who had previously been applied to by her and her maternal relatives, and subsequently filed an answer prepared by such counsel, submitting, in a general way, the rights of the infant to the court. The special guardian employed as counsel the same person that had been consulted by the infant and her relatives. The special guardian acted throughout in good faith, and contested the probate of the will vigorously, upon the ground, generally, that the testator had not testamentary capacity at the time of the execution of the instrument, and to that end there were called by the surrogate, at the instance of the special guardian, in behalf of the contestant, 36 witnesses. The daughter herself was called as a witness by her special guardian, but not upon any subject material to the contest made to the probate of the will. The surrogate, as stated above, finally admitted the will to probate, and certified, in accordance with section 2623 of

the Code of Civil Procedure, that the probate of the will had been contested. The appeal to the general term was also prosecuted by the same person, who was appointed guardian *ad litem* of the infant for the purposes of such appeal, and was completed before the ward arrived at the age of 21 years.   No step has been taken in the way of contesting the probate of the will, or in any appeal from such probate, or in defeating the testator's declared intentions, since the daughter became 21 years of age.

The second article of the second codicil must be construed in connection with the fifth article of such codicil.   Taken together, as the learned justice at special term has decided, they constitute a conditional bequest to the executors, as trustees, determinable in the event that the daughter, in person or by another, contests the probate of such will.   This is not an unlawful provision, when contained in a last will and testament.   The testator, having the right to say to whom his property shall be bequeathed and devised, had the right, also, to make it as a condition of any gift that the recipient thereof shall not contest the probate of the will.   *Cooke* v. *Turner*, 14 Sim. 493, 15 Mees. & W. 727; *Evanturel* v. *Evanturel*, 31 Law T. (N. S.) 105, L. R. 6 P. C. 1; *Hogan* v. *Curtin*, 88 N. Y. 162; 2 Jarm. Wills, 58; Schouler, Wills, 605.

Such contest, however, the special term held was instituted and prosecuted by and in the name of the special guardian, and was not the contest of the daughter, in person or by another, within the fifth article of such second codicil.   It seems to me, however, that such contest was the contest of the daughter, and not of her special guardian.   It is the infant who is always summoned and cited to appear in court, and who is regarded as the real party.   It is true that the infant answers in the surrogate's court by special guardian, in the supreme court by guardian *ad litem*, but the answer is that of the infant party, and the judgment is in favor of or against the infant party, and not in favor of or against the person who is selected by the court to take care of his interests.   *Phillips* v. *Dusenberry*, 8 Hun, 348; *Insurance Co.* v. *Schwaner*, 36 Hun, 373; *In re Hawley*, 100 N. Y. 211, 3 N. E. Rep. 68.

I cannot regard the contest, as made before the surrogate, as that of the guardian, and not of the daughter.   While it is true that the guardian, after his appointment, had substantially full control of all the proceedings in court, yet the contest, as carried on by him, was that of his ward, and not of his own.   I see no way, except as hereinafter stated, of relieving the infant from the palpable fact that there was a very serious contest made over her father's will, by another, in her behalf.   The action taken in such contest bound, so far as any decree of the surrogate could bind parties upon the question of the testamentary capacity of the testator, as completely as though she had been of full age, and had the selection of the counsel who should conduct her defense to the probate of the will.   Was it the intention of the testator to cover only the case where there was a personal and responsible act taken by one of the legatees against the will?   I think not.   He intended to embrace all cases where a contest should be made to the probate of the will, where, by the judgment rendered upon such contest, the provisions of the will might be defeated.   In such a case it was his obvious purpose to deprive the party of any benefits under the provisions in the will.   It follows, therefore, as it seems to me, that the respondent failed to observe the condition upon which the bequest was made to her, and consequently that she cannot now, having been defeated in the probate, receive anything from the estate, unless the provision in question, when aimed at an infant, is to be deemed void, as being against public policy.

It may well be said that the public has no concern with the question whether the will of a certain person shall be denied probate upon the ground of want of testamentary capacity, and that, consequently, a bequest condi-

tioned upon a party of full age not raising such a question may be deemed valid, and may be defeated by the subsequent act of the party in violation of the condition upon which the bequest was made. Any reasonable condition may be contained in a will, but where the condition is such as to subvert the course of judicial proceeding, and to deprive the court of the right and duty imposed upon it by law to institute, of its own motion, proper proceedings for the protection of the infant's rights, the question immediately becomes one of public policy, and brings into the discussion entirely new considerations. So far as I can ascertain, there has been no decision in the courts of this state directly upon the point. *Woodward* v. *James*, 44 Hun, 95, contains a strong intimation, which, if applied to this case, would tend to the conclusion that the respondent has not deprived herself from sharing in the property under her father's will, because the acts taken by her were done while an infant, yet it can hardly be declared that that decison distinctly so holds. While apparently acquiescing in the view taken by the trial judge in that action, the court proceeds to show that the principle sought to be invoked was not applicable, because that action was brought for the construction of the will, and not for the purpose of defeating any portion of the intention of the testator. The court there say: "Had the action been based upon the allegation of undue influence in procuring the will, or of mental incapacity in the testator, or for duress, and the plaintiff had been defeated upon the issues, a different question would probably arise." Any provision in a will which, in its application, comes in conflict with the organic or statutory law of the state, by which it is made the duty of the courts to look after the rights of infants, irrespective of the fact whether they are of tender years or not, must be deemed to be illegal and void, as being against public policy. A testator cannot be permitted thus to obstruct, by any clause in his will, the necessary steps prescribed by law for the conduct of judicial proceedings in the case of infants, where the paramount duty of the court is to act in behalf of its wards, and for their best interests. No penalty or forfeiture can be worked against such a party who has done nothing more than to submit his rights to the adjudication of the courts. Any other rule, as applicable to infants, would work serious mischief. On the one hand, the court would be required, through its officers, to examine into and ascertain the rights of the infants, and determine whether a contest by the ward should be made, and then, after so deciding, if the contest was had and it proved unsuccessful, by the judgment of the same or another court, the provisions of the will for the infant would become inoperative, though every step in the contest was taken intelligently and in good faith, and without the consent of the infant. No such restraint upon the independence of officers charged with a duty to their wards can safely be tolerated in last wills. With adults the case is different. They may give away their rights; they may waive the provisions made for them; they are at liberty to enter upon a contest of a will or not, at their pleasure. But with infants the case is otherwise. They have no voice in the matter. The court acts for them, and it would be against the policy of the state to permit its action to be stayed or trammeled by a testamentary paper imposing a forfeiture upon its ward in case it should exercise its judicial functions in that particular instance. For this reason I think the judgment appealed from should be affirmed. All concur.