## J. H. ELLIS, EXECUTOR, v. MARY E. BIRKHEAD AND HUSBAND.

Decided November 29, 1902.

**1.—Will—Construction—Conflicting Provisions—Life Estate.**

Where a testator's will devised certain property in trust for the benefit of his daughter, providing in one paragraph that if the daughter survived her husband, or should be divorced from him, then said trust was to expire, and all the property, "shall be surrendered under her management, * * * to have, hold and enjoy during her natural life," and in the next paragraph, that if the daughter outlived the husband, "then her title shall become absolute without remainder to anyone," there was no such necessary conflict between the two paragraphs as to abrogate the conditions in the former one of which the daughter was to take a life estate, thus defeating the trust,—the contingency of the husband's death never having arisen.

**2.—Same—Public Policy.**

A provision in the will giving the daughter a life estate with remainder to her children, conditioned upon the prior death of her husband, was not void as against public policy.

**3.—Same—Bequest Conditioned Upon Divorce.**

Where testator's will, for the purpose, as recited therein, of securing to his daughter a sustenance against business vicissitudes, and against the improvidence and unskillfulness in business of her husband, conveyed property to a third person in trust for the daughter's use, and provided that in the event the daughter should be divorced from her said husband, then the trust should expire, such provision was not against public policy and void, as manifestly intended to incite a divorce.

**4.—Same—Evidence of Intention Varying Will.**

Evidence of ill feeling between the testator and the daughter's husband, and that the testator tried to induce the daughter to obtain a divorce, was not admissible to show that his intention in making the will as he did was to incite a divorce.

Appeal from the District Court of Howard County.   Tried below before Hon. A. S. Hawkins, Special Judge.

*Turney, Lewis & Lewis* and *S. H. Morrison,* for appellant.

*Shepherd & Crockett,* for appellees.

CONNER, Chief Justice.—This suit involves the construction of the last will and testament of W. F. Ellis, the cancellation of which is sought by his only child, Mary E. Birkhead, joined by her husband. The will has been duly probated, and, "in order to secure a sustenance" to his said daughter "against business vicissitudes, and against the improvidence and unskillfulness in business of her husband, B. T. Birkhead," conveys all property of which the deceased died possessed, and of which there was considerable personal and real property, to J. H. Ellis, a brother, "by him to be kept, managed, and disposed of" as specified in the will.   The will then directs the executor, J. H. Ellis, who has duly qualified as such, to sell the personal property and to rent the real property, and to loan the proceeds thereof until the termination of the trust, and out of the rents and interest provide said daughter and the heirs of her body "with necessaries, in the event it should happen that she or they should ever be in want and have no other adequate source of supply."   Items 6 and 7, which are to be particularly considered, are as follows:   "Item Sixth.   And I desire that, in the event my said daughter shall outlive or be divorced from her said husband, then said trust shall expire, and all of said real estate, unsold personal property, interest on said notes, and rents shall be surrendered into her management, care, and possession, to have, hold, and enjoy during her natural life. And if my said daughter should die before her husband shall die, then I desire said trustee to continue the management, care, and control of said property for the heirs of her body surviving her, or, should she and her said heirs all die, then I desire and will that all of said property shall go to my own proper collateral heirs, under and according to the law of descent of the State of Texas.   Item Seventh. Upon the death of my said daughter, I desire and will that said property shall become the absolute property of the heirs of her body surviving her, should her said husband outlive her; but, if she outlive him, then her title shall become absolute, without remainder to anyone."

Appellees sought to cancel the will on the ground, principally, that the bequests to Mary E. Birkhead were conditional upon the death of B. T. Birkhead and upon divorce from him, which, it is alleged, render the will void on the ground of public policy, in that it tends to incite the wife to murder, and to destroy the marital relation.   Other grounds of attack are urged, but we think it unnecessary to notice them, further than to say that appellees also urged that items 6 and 7, above quoted, so conflicted as to render the will obscure and incapable of enforcement.

The District Court, which tried the cause on appeal from the County Court, held that the condition of item 6, to the effect that the wife should have a life estate in event of the prior death of her husband, was void, because of conflict with the provision on the same subject in item 7, and that the condition in item 6 vesting a life estate in event of divorce was also void on the ground of public policy, as alleged, and therefore adjudged and directed appellant to forthwith deliver to appellee Mary E. Birkhead all property involved, "freed from the possession, control, and management of the said J. H. Ellis, and during the life of the said Mary E. Birkhead." Appellant, under appropriate assignments, insists that the court was in error in thus partially annulling the will; and appellee, by cross-assignment, insists that by reason of the facts the court should have annulled the will in toto.

Pretermitting, as unnecessary, a discussion of the distinction between the conditions precedent and subsequent, and their varying effect upon the transmission of title to personal and real property, we conclude that there is no such necessary conflict between items 6 and 7 of the will as abrogates the condition in item 6 upon which appellee Mary E. Birkhead is to take a life estate in the devised property. Item 6 provides that, in event of the prior death of her husband, she shall have a life estate, with remainder in fee to her children, of which the record shows she has seven, none of whom were made parties to the suit. Such investiture of estates is frequently conditioned upon the death of a named party, and we know of no case declaring such condition of itself to be contrary to public policy, and therefore void on this ground alone. It does, perhaps, seem that item 7 provides, in the event of the husband's prior death, that the wife shall take a greater estate than a life estate, and hence to conflict with item 6 in this particular; but it is not so clearly so as that we feel willing to now hold that, by reason of this apparent or real conflict, the control of the executor shall at once be divested, and the purpose of the testator perhaps thereby entirely defeated as to all personal property and as to the rents of the real property. Whether the term "her title," in item 7, is properly referable, in view of all the terms of the will, to the life estate mentioned in item 6, or to an absolute title in fee, we deem immaterial, in view of the fact that the contingency of the husband's prior death has not arisen and may never arise, and that, if this condition in item 6 be construed as nullified by reason of conflict with the subsequent provision in item 7 on the same subject, there nevertheless remains in item 6 the condition of divorce, which, when construing the will as a whole, if valid and not in conflict with item 7, will preserve item 6 as an integral part of the will, and render possible contingencies upon which the fee will devolve on classes of remaindermen named in the will, which hence authorizes and requires the executor to retain the care and management of all of the estate until the happening of the contingency of divorce, or of some other condition upon which the trust is made to depend. So that the

vital question now before us we deem to be the validity, vel non, of the divorce condition of item 6. Upon this question the authorities seem inharmonious. Those cited in support of appellee's contention thereon are Schouler on Wills, sec. 22; Wright v. Mayer, 62 N. Y. Sup., 610; In re Haight's Will, 64 N. Y. Sup., 1029; O'Brien v. Barkley, 28 N. Y. Sup., 1049; Whiton v. Snyder, 8 N. Y. Sup., 119; Hawke v. Euyart, 46 N. W. Rep., 442, 27 Am. St. Rep., 391. We have carefully examined such of these authorities as we have been able to procure. Mr. Schouler, in the section cited, says, "* * * Conditions of a testamentary gift tending to separation or divorce between husband and wife are treated as void;" citing Conrad v. Long, 33 Michigan, 78, in which a devise to a sister was upon condition that "she should conclude not to live with her present husband (naming him) as his wife." It is said in the opinion that it was "admitted" that the condition was void, as the court held. In the case of Wright v. Mayer, supra, certain real estate was bequeathed to a daughter living apart from her husband, "provided, nevertheless, that, if she should again live with or cohabit with her said husband, then the estate" devised should terminate. It was held that this was a condition subsequent, and the condition void, wherefore the daughter took the fee free from the condition. Of like effect, we think, is O'Brien v. Barkley, and it is very clear that in the case of Hawke v. Euyart the will was designed to bring about the separation of a son from his wife. In none of the cases cited was the condition of separation by divorce expressed, though more nearly so in In re Haight's Will, 64 New York Supreme, 1029. The will there provided that the appointed executors should pay out of the income to a son not to exceed $2000 in any one year, "so long as the present wife of my said son shall be living, and he shall be lawfully bound to her as a husband, and that in case of the death of said wife, or in case of ceasing to be bound to her as a lawful husband, then the whole of said income is to be paid over to my said son during his natural life." The court held, in effect, that the manifest object of this condition was to incite a divorce or separation,—it appearing that it was made directly after the marriage of the testator's son,—and hence declared the condition void, and the son immediately entitled to the whole income. In the case of Thayer v. Spear, 58 Vermont, 327, however, a will devising the entire income of an estate to a married woman so long as she remained the wife of her then husband, but if, for any cause, she should cease to be such wife, then to her in fee, was held not void as against public policy. Of like effect are the cases of Ransdell v. Boston, 50 N. E. Rep., 111, 43 L. R. A., 526, by the Supreme Court of Illinois, and Born v. Horstmann, 80 Cal., 452, 22 Pac. Rep., 169, 5 L. R. A., 577. In the last case the bequest to the testator's married daughters was of the income of the estate, and providing that "in the event of any of my said daughters becoming a widow, or otherwise becoming lawfully separated from her husband," then such daughter should receive her share in fee. The

court held the provision valid, and, in disposing of the question, say: "The condition under consideration could not be complied with, except by a legal separation, and for causes found by a court of justice to be sufficient. This being so, there was nothing unlawful in the condition. It is true, it may be said that it would have a tendency to induce the wife to assert her legal right to a divorce and separation, and that but for such inducement such right might have been waived; but it can hardly be said that it is against public policy to attach to a legacy such a condition as will tend to induce a legatee to do a lawful act in a lawful way. * * * Not only may there be a good and sufficient reason for providing that the legatee shall not have the bulk of the property until she is deprived of the support of a husband, but there may be the best reasons for placing the same in such condition that she can not be improperly induced by a worthless or profligate husband to squander it while she continues to be his wife, and, it may be, under his influence and control. We think such a condition in a will is not only valid, but that under certain circumstances it may be just and commendable." This decision seems applicable to the case before us, and meets our approval. While it may be readily conceded that conditions in a will manifestly intended to bring about a separation or divorce are void, we think they should be clearly so before the courts, by decree, nullify the expressed will and purpose of the testator, for our statutes on the subject, as well as sound considerations of public policy, dictate that those having testamentary capacity shall have the greatest freedom, consistent with public safety, in the disposition of their estates by will, and the importance of this right should not be ignored. In our judgment, the will before us should not be construed as manifestly intended to incite a divorce between appellees, but, rather, that the testator merely intended to provide for his daughter in the contingency named, and to protect her in the meantime from the improvidence of her husband. The court below, however, over appellant's objection, received the testimony of appellee Mary E. Birkhead to the effect that the testator objected to her marriage with B. T. Birkhead, which was in 1886, because he "was high tempered," and that the relations between husband and father were "strained" at a subsequent period, and that in 1896 the father tried to induce the wife to leave the husband; suggesting that, if she "wanted a divorce, he could get it." The will was executed the 29th day of April, 1889, and the daughter further testified that after her marriage she and her husband lived with her father, on his farm in Dallas County, about two years; that in 1890 all moved and lived together on the father's ranch in Howard County until in 1896, when there was trouble and a separation, and that her husband "is about as kind to me as ordinary men are to their wives." We will not discuss this testimony, but content ourselves with stating that, in our judgment, it should not be considered as in anywise modifying the terms of

the will. See 1 Redf. Wills, sec. 39 et seq.; Rev. Stats., art. 5337; Kennedy v. Upshaw, 64 Texas, 411.

We conclude that the judgment should be reversed, and judgment here rendered for appellant.

*Reversed and rendered.*

Writ of error refused.