## JENKINS v. FIRST NAT. BANK IN DALLAS.

### No. 9105.

Circuit Court of Appeals, Fifth Circuit.

Dec. 2, 1939.

J. A. Gooch, of Fort Worth, Tex., for appellant.

James Ralph Wood, of Dallas, Tex., for appellee.

Before FOSTER, SIBLEY, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

In 1931 T. L. Bradford, Sr. of Dallas, Texas, established a trust for the benefit of his minor grandson, Hugh Bradford. The trust was created with approximately half a million dollars and the First National Bank in Dallas was named trustee.

Mr. Bradford died in August, 1932, and since that time the trustee bank has refused to pay any portion of the trust income to H. J. Jenkins, Sr., the legal guardian of Hugh Bradford, now H. J. Jenkins, Jr. The bank predicates its refusal to pay upon the provisions of Section 7 of the trust instrument which provides:

"* * * After the death of T. L. Bradford, Senior, the Trustee shall pay the net income thereafter accruing to the said Hugh Bradford until the 1st day of January, 1952, but he shall have the option, to be

exercised by him after he reaches legal age, or by the guardian of his estate during his minority, to leave all or a portion of such income with the Trustee to become a part of the corpus; provided, however, that no part of such income shall be paid to the said Hugh Bradford, or to the guardian, of his estate for him, during any time that he may be in the legal custody of or living with his father, Hubert J. Jenkins, while he is under the age of twenty-one years, nor shall any of such income at any time be paid over to the said Hubert J. Jenkins as guardian of the said Hugh Bradford if he shall qualify as such, but during all such times the income shall be retained by the Trustee and become a part of the corpus of the trust estate."

H. J. Jenkins, Sr., as guardian and next friend of the trust beneficiary, H. J. Jenkins, Jr., petitioned the Court for an accounting and recovery, and sought to strike down the provisions of the above quoted Section 7 of the trust agreement. The relief sought was denied and Jenkins has appealed.

Jenkins contends here as he did below that Section 7 is void as against public policy and that it tends to separate father and son in violation of the laws of nature. The sole question before us is whether or not Section 7 is void on its face.

 It is true that provisions of a will or trust which are against public policy are void. Invalidity, however, should clearly appear before the Courts are warranted in nullifying the expressed will of a testator or trustor, and an inference of illegality or invalidity should not be drawn where a legitimate purpose is just as apparent. Ellis v. Birkhead, 30 Tex.Civ.App. 529, 71 S.W. 31; In re Kelley, 225 App.Div. 29, 232 N.Y.S. 84; Id., 251 N.Y. 529, 168 N.E. 415.

We do not think that the questioned section is void. When the trust was made the child was living with his grandfather. The grandfather out of the kindness of his heart wanted to provide for him. He carefully prepared the trust instrument and created a trust to carry out his plans. Mr. Bradford was evidently a frugal man possessed of good business judgment and foresight. He would have this legacy passed to his grandson in his own way and we are constrained to believe that his way was sensible, for the best interest of his grandson, and should not be disturbed. Certainly the provisions of Section 7 of the trust do not compel an inference of wrongful purpose violative of public policy.

H. J. Jenkins, Sr. is in duty and law bound to support his child. Moore v. Moore, Tex.Civ.App., 31 S.W. 532; Article 4180, Rev.Civil Statutes of Texas 1925, Vernon's Ann.Civ.St.Tex. art. 4180, There is nothing in the record to show that he is not supporting him, or that he is not financially able to properly maintain him. Moreover, the boy loses nothing by waiting. The income from the trust will be at his disposal when he becomes of age in 1944. It will be at his disposal no matter with whom he lives. In 1952 he will receive the whole legacy including all accumulated income. There is no evidence that the bank is not handling the estate properly or that it is not fit to continue in its capacity as trustee. The Court rightly refused to grant the relief sought by the petition of the appellant.

The judgment is affirmed.