### FARR *v.* WHITEFIELD.

1. INFANTS—PROTECTION AND CONTROL OF PROPERTY BY PROBATE COURT.

   As a matter of law the probate court is vested with power to control and is charged with the duty to protect a minor's property.

2. WILLS—FORFEITURE PROVISION AS TO CONTESTANT.

   Provision of will forfeiting bequest to beneficiary who contests it is valid and enforceable as to an adult beneficiary irrespective of whether the bequest is of real or personal property and irrespective of the good or bad faith of the contest.

REFERENCES FOR POINTS IN HEADNOTES

[1] 27 Am. Jur., Infants, §§ 101–104.
[2–5] 57 Am. Jur., Wills, § 1512.
[2] Validity of provision of will for forfeiture in case of contest. 67 A.L.R. 52.
[3–5] Validity of provision of will for forfeiture in case of contest by infant.   67 A.L.R. 52, at p. 65.
[5] 57 Am. Jur., Wills, § 811.
[6] 25 Am. Jur., Guardian and Ward, § 28.

3. Same — Conditions — Forfeiture — Public Policy — Adults — Infants.

While a condition in a will that a gift shall be forfeited in case the beneficiary shall dispute or contest the will is generally regarded as valid and not against public policy, particularly when there is a limitation over, where the beneficiary is an adult, such a condition of forfeiture is contrary to public policy and void when interposed against an infant.

4. Same—Conditions—Forfeiture of Bequest—Infants—Public Policy—Courts.

A condition in a will forfeiting bequest to a beneficiary who contests the will is void as to infants as against public policy because it seeks to deprive the courts of the powers and duties imposed upon them by law for the protection of infants.

5. Same — Forfeiture — Minors — Contest by Court-Selected Guardian.

Where will contained a bequest to the minor son of testatrix and a provision that if a beneficiary made an effort to invalidate the will, the bequest to such person would be void and the minor chose his father, who had been divorced from the testatrix, as guardian, but the probate court appointed another as general guardian and directed latter to contest the will, the beneficial rights of the minor under the will were not thereby rendered null and void especially where the minor upon becoming of age took no affirmative action in contesting the will (Act No. 288, chap. 3, §§ 2–4, Pub. Acts 1939).

6. Guardian and Ward—Nomination by Ward—Appointment.

While a minor over 14 years of age has a right to nominate his guardian, the probate court is not bound to appoint the minor's nominee (Act No. 288, chap. 3, §§ 2–4, Pub. Acts 1939).

Appeal from Wayne; Jayne (Ira W.), J. Submitted June 10, 1948. (Docket No. 46, Calendar No. 44,027.) Decided September 8, 1948.

Bill by Minnie B. Farr, individually and as executrix of the last will and testament of Alma Whitefield, deceased, against Norman Whitefield to construe will of decedent. Decree for defendant. Plaintiff appeals. Affirmed.

*Lowery B. Hicks* and *John W. L. Hicks,* for plaintiff.

*Charles Upton Shreve,* for defendant.

NORTH, J.   On this appeal the controlling issue presented is without precedent in this jurisdiction. It is sufficiently accurate to state it as follows: In a case wherein by the terms of a will a minor is made a beneficiary but it is provided in the will "should any person or persons named in this will make any effort to invalidate or alter this will and testament, or any part thereof, or procure, or attempt to procure any others to do so, then it is my will and desire and I hereby direct that all provisions herein made for such person or persons be hereby revoked and declared null and void and of no force or effect whatever;" and by order of the probate court the guardian of the minor unsuccessfully contests the validity of the will, does the minor thereby forfeit his right to take under the will?   The trial court in effect held that the minor, defendant herein, who became of age prior to the filing of this bill of complaint, did not forfeit his beneficial interest in consequence of the will contest during his minority.   From the decree dismissing her bill of complaint and ordering that the estate be closed in accordance with the terms of the will, plaintiff has appealed.

This litigation arose out of the will of Alma Whitefield, deceased, who left a substantial estate.   She bequeathed certain of her personal property to her sister-in-law, Minnie B. Farr, who, both in her own right and as executrix of the estate, brought the instant suit.   The balance of the personal property of deceased was bequeathed to her son, Norman Whitefield.   As to her real property, deceased gave to her son a life estate, and subject to such life estate, the fee therein to Minnie B. Farr, who was named

in the will as executrix. Immediately after the death of testatrix, Minnie B. Farr petitioned for probate of the will. Thereupon defendant's father, Enoch R. Whitefield, who was the divorced husband of testatrix, was appointed by the probate court guardian ad litem for the minor son Norman. The probate court also appointed the Bankers Trust Company of Detroit, as general guardian of Norman Whitefield. Enoch R. Whitefield, in his own behalf and as guardian ad litem of the minor Norman, filed notice of contest and objections to the admission of the will to probate. Thereupon the general guardian of the minor, on its petition, was authorized by the probate court to engage counsel to represent it and the minor in determining "whether or not said minor should join in the contest of the said will, and to otherwise represent the said minor in said estate." The authority to obtain such counsel was granted by an order of the probate court, and such counsel was retained. Thereafter Enoch R. Whitefield petitioned the probate court that a citation be issued to the general guardian, "and this court by direction compel it to  *  *  * contest the alleged will." The citation was issued and in accordance therewith the general guardian appeared, a hearing was had at which testimony was taken, and thereupon the following order was entered in the probate court:

"It is ordered that Bankers Trust Company, guardian, be and it is hereby directed to file a notice of contest of and objections to the probate of the alleged last will and testament of Alma Whitefield, deceased, a petition for the allowance of which is now pending in this court, and that said guardian employ and retain counsel for this purpose."

The will contest, involving mental incompetency of testatrix, undue influence and insane delusion, was certified to the circuit court. The trial resulted

in a verdict disallowing the will, but a judgment *non obstante veredicto* was entered and thereby the will was sustained. Following the decision in the circuit court wherein the guardian was unsuccessful, it filed a petition in the probate court stating the result of the suit in the circuit court and praying that the probate court "instruct your guardian to prosecute an appeal to the Supreme Court of the State of Michigan, or to refrain from so prosecuting an appeal to said Court." A hearing at which the parties in interest were present was had, testimony was taken, and the probate court thereupon determined as follows:

"It is ordered that Bankers Trust Company of Detroit, guardian of Norman Whitefield, discontinue further prosecution of the will contest proceedings and permit the decision of the circuit court for Wayne county on such proceedings to stand."

From the record it convincingly appears that the contest of this will was instituted and prosecuted solely by the guardian under the order of the probate court before Norman Whitefield became of age. As a matter of law the probate court was vested with power to control and charged with the duty to protect the minor's property interests here involved.

"Under our statute, probate courts have jurisdiction not only as to all matters relating to the settlement of estates of deceased persons, but as to the estates of minors, and all others under guardianship. That jurisdiction embraces not only the appointment of guardians, and control over their official conduct, but the care and protection of the estate of the wards." *In re Estate of Andrews,* 92 Mich. 449 (17 L. R. A. 296).

Subsequent to the order of the probate court that the Bankers Trust Company "discontinue further prosecution of the will contest proceedings," the will

of Alma Whitefield was allowed for probate. Thereafter by her bill of complaint in the instant case, plaintiff, both in her own right and as executrix, sought a decree "construing the last will and testament, and intention of said testatrix, Alma Whitefield, and decreeing that the plaintiff is entitled to the entire estate therein." The relief sought by plaintiff that it be decreed she "is entitled to the entire estate" of Alma Whitefield, deceased, was on the theory that since she and defendant were the only benficiaries named in the will, under the quoted forfeiture clause in the will all of defendant's rights as a beneficiary were made null and void in consequence of the will contest, and plaintiff was entitled to the entire estate.

As hereinbefore noted, plaintiff's bill of complaint was dismissed, and it was ordered that "the probate court proceed with the closing of the estate in accordance with the terms of the will." In so doing the circuit judge, in our opinion, reached the correct result. There seems to be but scanty authority on the exact issue which we deem decisive of the instant case, and even such decisions as have been brought to our attention are not in full harmony.

In this jurisdiction the law is settled that a forfeiture provision of the character now under consideration is valid and enforceable when only the rights of an adult beneficiary who contests the will are involved. But we have not passed upon the issue herein controverted, which concerns the forfeiture of a minor's beneficial interest in event the minor's guardian under the direction of the probate court contests the will. In a case wherein an adult beneficiary contested a will which contained a like forfeiture provision, we said:

"We hold unequivocally that provisions of the character of the one before us are valid and enforce-

able, that they apply both to devises of real estate and bequests of personal property, irrespective of whether there is a gift over or not, and likewise irrespective of the good or bad faith of the contest." *Schiffer* v. *Brenton,* 247 Mich. 512, 520.

But the above case did not involve the question of forfeiture of a minor's beneficial interest in event his guardian under order of the probate court contested the will. As bearing upon that precise question we note the following:

"A condition in a will that a gift shall be forfeited in case the beneficiary shall dispute or contest the will is generally regarded as valid and not against public policy, particularly when there is a limitation over. However, such a condition of forfeiture is held to be contrary to public policy and void when interposed against an infant." 69 C. J. § 1765, p. 664.

The above context cites a case from the New York supreme court, fifth department, which, as noted in the syllabus (N. Y. Supp.), held "that, while the condition (of forfeiture) imposed by the codicil might be valid as against parties of full age, as to the infant daughter it was void, as against public policy, because seeking to deprive the courts of the powers and duties imposed on them by law for the protection of infants." We quote further from the body of the opinion:

"Any reasonable condition may be contained in a will, but where the condition is such as to subvert the course of judicial proceeding, and to deprive the court of the right and duty imposed upon it by law to institute, of its own motion, proper proceedings for the protection of the infant's rights, the question immediately becomes one of public policy, and brings into the discussion entirely new considerations. So far as I can ascertain, there has been no decision in the courts of this State directly upon the point.

\* \* \* Any provision in a will which, in its application, comes in conflict with the organic or statutory law of the State, by which it is made the duty of the courts to look after the rights of infants, irrespective of the fact whether they are of tender years or not, must be deemed to be illegal and void, as being against public policy. A testator cannot be permitted thus to obstruct, by any clause in his will, the necessary steps prescribed by law for the conduct of judicial proceedings in the case of infants, where the paramount duty of the court is to act in behalf of its wards, and for their best interests. No penalty or forfeiture can be worked against such a party who has done nothing more than to submit his rights to the adjudication of the courts. Any other rule, as applicable to infants, would work serious mischief. \* \* \* No such restraint upon the independence of officers charged with a duty to their wards can safely be tolerated in last wills. With adults the case is different. They may give away their rights; they may waive the provisions made for them; they are at liberty to enter upon a contest of a will or not, at their pleasure. But with infants the case is otherwise. They have no voice in the matter. The court acts for them, and it would be against the policy of the State to permit its action to be stayed or trammeled by a testamentary paper imposing a forfeiture upon its ward in case it should exercise its judicial functions in that particular instance." *Bryant* v. *Thompson,* 59 Hun, 545 (14 N. Y. Supp. 28).\*

In holding in accord with the above decision, we are mindful that by way of dicta in an opinion of the surrogate's court of New York county the decision in the *Bryant Case* is criticized. See *In re Kathan's Will,* 141 N. Y. Supp. 705. Also, that the

---

\* An appeal by the executors was dismissed on the ground that, under the circumstances of the case, the executors did not have a right to appeal. See *Bryant* v. *Thompson,* 128 N.Y. 426 (28 N.E. 522, 13 L.R.A. 745).

supreme court of Kentucky seemingly *obiter dicta* has written upon the exact issue in effect to a conclusion contrary to. decision in the *Bryant Case.* However, a reading of the Kentucky supreme court's opinion clearly discloses that its holding amounted only to an affirmance of an order of the lower court "dismissing, without prejudice, an appeal from a judgment of the county court probating a will, prosecuted in the name and for an infant devisee and heir of the testator by a next friend, and the only question involved is whether in so doing the trial court abused a sound judicial discretion." *Moorman* v. *Louisville Trust Co.,* 181 Ky. 30 (203 S. W. 856).

In an article entitled "Testamentary Conditions" in 36 Michigan Law Review, p. 1066, there is an extensive review of this general phase of the law. In reference to the above cited Kentucky decision the author of the article says:

"The Kentucky holding is merely an evasion of the problem, and, until the court there passes upon the legality of no-contest conditions generally in that State, it is probable that the inferior courts of the State will prohibit all contests in behalf of infant beneficiaries, thus preventing contests which it may be in the public interests to have made."

On the particular phase of the law with which we are here concerned the writer of the Michigan Law Review article says:

"Perhaps the simplest solution to this particular problem would be to hold that the condition (of forfeiture) does not cover a case where the court has approved of the institution of proceedings for the protection of infants, and in all other cases to consider the problem in the same manner as if an adult had contested."

Citing as authority therefor the *Bryant Case, supra,* in Gardner on Wills, § 139, p. 527, it is said: "Such conditions (of forfeiture) are not, however, operative as against infants." See, also, an extensive and informative annotation in 67 A. L. R. pp. 52, 65.

Because it appears to us to be both logical and just, and essential to the unhampered exercise of the law-imposed function of probate courts to protect the interests of minors, we hold that since the contest of the will in the instant case was by the minor's guardian under order of the probate court, the beneficial rights of the minor under the will were not thereby rendered null and void, notwithstanding the quoted forfeiture provision in the will. In so holding there is no intention to depart from our decision in *Schiffer* v. *Brenton, supra;* but the instant case must be considered as an exception to the general rule stated in the *Schiffer Case* because of the different factual situation. In the instant case the minor did not petition for the appointment of the Bankers Trust Company as his guardian. Instead, he petitioned for the appointment of another as guardian. This minor was more than 14 years of age, and under the statute he had a right to nominate his guardian; but in appointing a guardian the probate court was not bound to appoint the minor's nominee. Act No. 288, chap. 3, §§ 2–4, Pub. Acts 1939 (Comp. Laws Supp. 1940, §§ 16289-3[2]–16289-3[4], Stat. Ann. 1943 Rev. §§ 27.3178[202]–27.3178[204]). In the exercise of the statutory right so to do, the probate court of its own motion, apparently without the consent or approval of the minor, appointed the Bankers Trust Company guardian; and later directed the guardian to contest the will. Further, it does not appear in this record that after he became of age defendant Norman Whitefield took any affirmative action in contesting his mother's will.

Since the above holding is decisive of decision herein, there is no occasion for comment on other questions presented in appellant's brief which are not at all controlling. The decree entered in the circuit court is affirmed, with costs to appellee. The result herein should be certified to the probate court by the circuit court.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, DETHMERS, BUTZEL, and CARR, JJ., concurred.