Margaret Boulboulle
STEWART, Appellant,

v.

REPUBLICBANK, DALLAS, N.A., Trustee Under the Will of J.E. Boulboulle, Deceased, Diane Kirby Briggs, Linda Kirby Keyser, Carolyn Ann Kirby and Mary Catherine Kirby, Appellees.

No. 2–85–034–CV.

Court of Appeals of Texas,
Fort Worth.

Nov. 21, 1985.

Tygrett & Walker and Howard V. Tygrett, Jr. and Troy C. Vinson, Dallas, for appellant.

R. Douglas Coffin, Dallas, for appellees Ramirez Children.

Winn, Beaudry & Virden and Edward B. Winn, Dallas, Guardian Ad Litem.

Before ASHWORTH, JOE SPURLOCK, II and HILL, JJ.

## OPINION

HILL, Justice.

Margaret Boulboulle Stewart appeals from the trial court's judgment construing her father's will in favor of her four nieces, Diane Kirby Briggs, Linda Kirby Keyser, Carolyn Ann Kirby, and Mary Catherine Kirby, in a declaratory judgment action brought by RepublicBank, Dallas, N.A., trustee under the will of J.E. Boulboulle, deceased. She presents twenty-two grounds of error.

We affirm, because we find that provisions of the will which seek to disinherit the four nieces because of the appointment of third persons as their guardians are void as against public policy.

J.E. Boulboulle executed his last will and testament on February 24, 1970, naming RepublicBank, Dallas, N.A. as executor and trustee. He devised certain property to his surviving wife, Mildred, and placed the residue of the estate in trust, with Mildred to receive the income as long as she lived. Upon Mildred's death, the trust was to be divided into two equal shares. One share went to fund the "Margaret Stewart Trust," a trust in which Mr. Boulboulle's daughter, Margaret, would receive the income, with the principal to be distributed to her at specified ages.

The other share went to fund the "Mildred Ramirez Children Trust." This share was to be divided into four equal shares for Mr. Boulboulle's grandchildren, the children of Mildred Ramirez, a daughter who had died prior to the making of the will. The grandchildren were to receive income and distribution at various ages.

On May 1, 1970, Mr. Boulboulle executed a codicil in which he added the following condition to the will:

If either Robert or Marjorie Kirby are named and appointed and do actually act as either the Guardian of the person or the Guardian of the Estate of any of the beneficiaries taking under the said Mildred Ramirez Children Trust then, and in that event, all funds and all property held in trust for said beneficiary shall revert and become a part of the *MARGARET STEWART TRUST* and shall be distributed pursuant to the provisions thereof.

Subsequently, the Kirbys were appointed by a probate court as guardians of the person of the children. They took care of the needs of the children while their father was incapacitated and eventually the Kirbys formally adopted the Ramirez children.

By point of error number eight, Stewart urges that the trial court erred in holding that the codicil, as construed to effect a forfeiture, is void as against public policy.

Ordinarily, a testator has a legal right to devise his property as he sees fit and to prescribe the terms upon which his bounty should be enjoyed. *State v. Rubion*, 158 Tex. 43, 308 S.W.2d 4, 8 (1957). This right is subject to limitation by law or public policy. *See* 96 C.J.S. *Wills* sec. 977 (1957); 61 Tex.Jur.2d *Wills* sec. 249 (1964) and cases cited therein.

There is no Texas case which determines whether such a provision as contained in the codicil is void as against public policy. The Supreme Court of Michigan has held in a case involving forfeiture due to a will contest, that where the contest is made in the name of a minor through a guardian appointed by the probate court,

that such a clause is invalid as against public policy, *Farr v. Whitefield*, 322 Mich. 275, 33 N.W.2d 791 (1948); *see also Bryant v. Thompson*, 59 Hun. 545, 14 N.Y.S. 28 (1891).

These courts held that such a codicil is void as to infants because it is against public policy since it seeks to deprive the courts of the powers and duties imposed on them by law for the protection of infants. We find this rationale to be equally persuasive as applied to the codicil we have before us since it also seeks to forfeit the estates of minor children because of an action taken by the probate court in their best interest.

In the case of *Lewis v. Green*, 389 So.2d 235 (Fla.App.—5th Dist.1980), the Florida appeals court held invalid as against public policy a provision in a will which required a minor to be placed in charge of the will's trustees or forfeit all but $3,000 of her inheritance. In its ruling the court said, "Doris' surviving parent had the right to name a personal guardian for her child, or if she did not do so, a court, acting in the child's 'best interest' had this responsibility. The condition in the will appears invalid because it violates public policy." *Id.* at 243.

Stewart relies on the cases of *National Bank of Commerce v. Greenberg*, 195 Tenn. 217, 258 S.W.2d 765 (1953); *Jenkins v. First Nat. Bank in Dallas*, 107 F.2d 764 (5th Cir.1939); *Ellis v. Birkhead*, 30 Tex. Civ.App. 529, 71 S.W. 31 (Tex.Civ.App.1902, writ ref'd) and *Hunt v. Carroll*, 157 S.W.2d 429 (Tex.Civ.App.—Beaumont 1941), *aff'd on other grounds*, 140 Tex. 424, 168 S.W.2d 238 (1943).

The case of *Ellis v. Birkhead* involved a will which provided that the bequests to the testator's daughter were conditional upon the death of her husband or upon divorce from him. The appellees sought to cancel the will, alleging that it was void on the ground of public policy in that it tended to incite the wife to murder and to destroy the marital relation. This court upheld the will, saying that the conditions could have been for the valid purpose of seeing to it

that the wife was cared for in the absence of a husband or to protect the assets from her husband. In that case the beneficiary was not to receive the bequest unless she lost her husband, either through death or divorce. The testator provided for her in the event she should be confronted with those events.

In the case at bar, the gift to the appellees was conditional upon the Kirbys not being appointed and acting as their guardian. It made no effort to provide for the children in the event they were left without a guardian once the Kirbys had been appointed and acted as a guardian. Further, if the desire of the testator had been to favor the other daughter in the event that the appellees were well taken care of, it would be more reasonable that he would have provided that the forfeiture would occur in the event that *anyone* was appointed as guardian. Another distinguishing factor is that the bequests in *Ellis* were not conditioned upon the action of a court calling for the court's discretion on behalf of children. The case of *Hunt v. Carroll* presents basically the same fact situation as *Ellis v. Birkhead*, with a similar result.

The case of *Jenkins v. First National Bank of Dallas*, is also similar to that of *Ellis v. Birkhead*. That case involved a grandfather who left money in trust for his grandson. The will provided that while the grandson was under twenty-one years of age he could not receive any of the income in trust if he were living with or in legal custody of his father. The father contested the provision on the ground that it was void as to public policy and tended to separate father and son. The court noted that no forfeiture was made and noted that the delay while the child was being cared for by his father was for a legitimate purpose. The court held that the provision of the trust did not compel an inference of wrongful purpose. Like the *Ellis* case and unlike the case at bar, the court's finding of lawful purpose was supported by the fact that the beneficiary would receive the bequest in the event that the person supporting the beneficiary was unable to continue supporting him. The will in this case makes no such provision. Additionally, although an action of a trial court in determining the custody of the Jenkins' grandchild could have delayed his receipt of the bequest until his maturity, it could not have caused a forfeiture.

The case of *National Bank of Commerce v. Greenberg*, a Tennessee Supreme Court case, involved a trust in favor of the testator's granddaughter. The grandfather's will provided for a forfeiture of the granddaughter's interest in the event she were adopted and her name changed before she was eighteen. The court held that such a provision was not void as against public policy. We do not agree, and we choose to adopt the reasoning of the courts in *Farr v. Whitefield*, 33 N.W.2d at 791, and *Bryant v. Thompson*, 14 N.Y.S. at 28, for the reason that such a provision would seek to deprive the courts of the power imposed on them for the protection of infants. We overrule point of error number eight.

We find that because of our holding with respect to point of error number eight, it is unnecessary for us to consider the remaining points of error.

The judgment is affirmed.

ASHWORTH, J., dissents.

ASHWORTH, Justice, dissenting.

I respectfully dissent.

I subscribe to the holding and reasoning of the Supreme Court of Tennessee in *National Bank of Commerce v. Greenberg*, 195 Tenn. 217, 258 S.W.2d 765 (1953), which has been rejected by the majority.