### Alba B. Perry v. J. A. Rogers et al.

Decided December 10, 1908.

**1.—Devise—Contest of Will—Forfeiture.**

  · A will devised specific tracts of land to children of the testator by former marriage, out of his community interest in such land, but provided that: "If at any time any should attempt or proceed in changing or breaking my aforesaid will, then it is my wish and desire that the half interest that I hold and possess in all my estate, both real and personal, be given and I hereby bequeath the same to my present wife for the benefit of my sons, Oscar D. and Louis Perry, sons of my present wife by me." Certain of the devisees elected not to take under the will and brought suit in trespass to try title to recover their interest as heirs, joining as defendant with others, a minor devisee, a child of the former marriage, who did not join in their action to break the will. Held:

  (1)  Whether or not the forfeiture incurred by bringing the action operated against the minor devisee who did not participate in such attempt to break the will, depended on the intent of the testator, which must control if not violating the law or contravening its policy.

  (2)  The apparent intention of the testator (his specific devises making a partition between the devisees and the holders of the other community half interest in the land, valid only with their consent) was to pass his entire interest to his present wife in case their refusal made such attempted devise and partition ineffective.

  (3)  The intention of the will was plain and must be enforced, though it operated to forfeit, by the election of other devisees, the interest of the minor who was innocent of any act constituting a forfeiture.

  (4)  In the absence of a statement of facts showing all the circumstances surrounding the testator, his disposition of the property could not be held unreasonable or unjust.

  (5)  A will which seems unreasonable, unjust or absurd, cannot be disregarded if it violates no principle of law or morality.

  (6)  The fact that the party sought to be affected by the election was a minor was immaterial where the election by which his devise was to be defeated was not exercised by himself but by another.

**2.—Costs.**

  In an action of trespass to try title in which the defendants plead not guilty, putting plaintiffs to proof of their right to recover, a judgment in plaintiff's favor should carry the costs of the suit, in the absence of circumstances demanding their taxation otherwise.

Appeal from the District Court of Dallas County.. Tried below before Chas. Fred Tucker, Esq., Special Judge.

*Newton P. Morrison,* for appellant.—The provisions of section No. 13 of the will of Wm. M. Perry are in contravention of law, in this, that the testator has no authority to create a condition by which the vested estate of appellant can be destroyed and forfeited by the conduct of plaintiffs, in which appellant has in nowise joined, and over which he has no control. Where a condition subsequent is so worded that by a strict and literal construction it might apply to several parties, only a part of whom violated the condition, a reasonable con-

struction will make it operate only against the particular ones actually violating the condition, that being the reasonable intention of the testator. The power of election for a minor rests alone in the court, or some officer acting for the court, and it is not in the power of the testator, by will, to transfer that power and place it in a party adversely interested with the appellant. Chew's appeal, 45 Pa. St., 228; Friend's case, 68 L. R. A., 447; King v. Grant, 55 Conn., 166; Rockwell v. Swift, 59 Conn., 289; Bryan v. Thompson, 59 Hun, 545; In re Vandervort, 62 Hun, 612; 2 Williams on Exs., note (n) (35).

*Harry P. Lawther,* for Mrs. Jennie Perry, appellee.—In this State, both by the statutes of conveyances and of wills, there is absolute freedom of alienation of lands, or of any interest therein. Rev. Stats., arts. 624, 626, 627, 632, 633, 637, 5334.

A condition subsequent which is neither illegal, impossible of performance, immoral nor impolitic has always been upheld. 30 Am. & Eng. Ency. of Law (2d ed.), pp. 799-801; Note to Re Friend, 68 L. R. A., 449; Harrison v. Foote, 30 S. W., 839.

In the construction of wills the intent of the testator is the polar star, and such intention is to be gathered from the writing, if plain and intelligible. 30 Am. & Eng. Ency. of Law (2d ed.), p. 661; Philleo v. Holliday, 24 Texas, 38; Lenz v. Sens, 66 S. W., 11.

*W. W. Hillebrant,* for James A. Rogers and others, appellees.

WILLSON, CHIEF JUSTICE.—There is no statement of facts in the record. From allegations in the pleadings it appears that W. M. Perry died testate in Dallas County, March 1, 1906, leaving surviving him his fourth wife and children by her and the wives of his first and third marriages. By his will (duly probated, it was averred, and as an exhibit made part of the answer of certain of the defendants) he devised to his surviving wife, M. E. Perry, twenty-five acres of land; to appellant, Alba B. Perry and Mamie A. Smith, children of his third marriage, ten acres each; to Agnes A. Rodgers, Julia A. Brown, Sarah A. Smith, Mary E. Prescott, James E. Perry and Joel E. Perry, children of the first marriage, nine acres each; and to Wm. A. Perry, also a child of the first marriage, nine and sixty-seven one hundredths acres. Each of the parcels of land so devised was described in the will by its metes and bounds. To the children of the first marriage he also devised jointly a tract of six and one-half acres. Following the provisions in the will covering the devises mentioned and one of personal property to his surviving wife for use as specified, was the following further provision: "13th. If at any time any should attempt or should proceed in changing or breaking my aforesaid will, then it is my wish and desire that the half interest that I hold and possess in all my estate, both real and personal, be given and I hereby bequeath the same to my present wife for the benefit of my sons, Oscar D. and Louis Perry, sons of my present wife by me." The suit was by children of the first marriage against other children of that marriage and against the surviving wife and children of the fourth and third marriage, to try the title to and for a partition of the land devised. Robert Perry,

a child of the fourth marriage, born after the death of his father, Oscar and Louis, children of the same marriage, and appellant, being minors, a guardian ad litem was appointed to defend the suit as to them. The court charged the jury as matter of law that the land devised by W. M. Perry belonged to the community estate between himself and the wife of his first marriage and submitted to the jury certain special issues, which, and the findings on same, we think it not necessary to state here. By this judgment the court determined that "by clause 13 of the will," quoted above, "the devises and bequests in said will out of his half interest in said estate previously made to his wife, Mary E. Perry, and his children, Alba B. Perry, Mamie A. Smith, Agnes A. Rodgers, Julia A. Brown, Sarah A. (Annie) Smith, Martha E. Prescott, James E. Perry, Joel E. Perry, and W. A. Perry were by the action of the plaintiffs herein in refusing to elect to take under said will and in bringing this action, and by the act of said defendant Joel E. Perry in joining with said plaintiffs in such refusal, forfeited; resulting in the children of the said Wm. M. Perry by his first wife, Sarah J. Perry, taking no interest in the lands described herein except such share as they are entitled to as heirs of their mother, Sarah J. Perry, and in the children by his third wife, Alba B. Perry, and Mamie A. Smith taking no interest in the said lands; and in said defendant, Mary E. Perry, his surviving wife, being vested with the said Wm. M. Perry's entire interest in said lands, the same being 107-192 of the whole for the use of said two children, Oscar and Louis Perry, less a one-half interest in the same, to which the said child Robert Perry is entitled as an after-born child, no provision having been made for him in his father's will." As between children of the first marriage and the widow and children of the fourth marriage a partition was ordered, giving to the children of the first marriage the share they were entitled to as heirs of their mother, to the widow certain interests purchased by her of children of the first marriage, and of the children of the fourth marriage the testator's share, in accordance with the directions in his will. This appeal is prosecuted by Alba B. Perry alone.

*After stating the case:*—It is insisted on behalf of appellant that title to the ten acres of land devised to him having vested in him, and he not having offered or attempted to "change or break" the will, the judgment rendered is erroneous, insofar as it declares a forfeiture of his rights under the will and fails to adjudge to him in the partition ordered the interest represented by the devise to him. Whether the contention should prevail or not depends upon whether the testator intended that the forfeiture clause in the will should so operate or not. For this intention must be held to control, when to give it effect will not violate the law or contravene its policy. Parker v. Parker, 10 Texas, 96; Vardeman v. Lawson, 17 Texas, 18; Campbell v. Shotwell, 51 Texas, 36. The land being · community property of the first marriage, and undivided, the testator could not by his will partition it, and of course could not so dispose of the deceased wife's share as to bind her heirs. In the clause in question of the will the testator recognized the fact that he owned only an

interest in the property, and not the whole of it. Knowing this, he, of course, knew that without the consent of the owners of the other part he could not dispose of the whole. It is evident, therefore, we think, that his purpose was a double and alternative one—the children of the first marriage consenting, to partition among them and the other devisees for whom he wished to provide, the property of the first marriage; or, said children not consenting, to dispose of his undivided interest to the benefit of his surviving wife and their children, and to the exclusion of the children of the first and third marriages. If such was his intention it was a lawful one, and his will should be so construed as to give it effect. That it was his intention that his surviving wife and their children should take his interest in the property to the exclusion of every other person, in the event the disposition made by him of the property should not be effective because not acquiesced in by one entitled to object thereto, we think was made as clear as language could evidence it. The will declared that in such an event: "It is my wish and desire that the half interest that I hold and possess in all my estate, both real and personal, be given, and I hereby bequeath the same, to my present wife for the benefit of my sons, Oscar D. and Louis Perry, sons of my present wife by me." The intention being plain, that to give it effect will operate to deprive devisees, innocent of any attack on his right to dispose of the property, of the benefit it conferred upon them, furnishes no reason why his will should not be enforced as he intended it should be. The condition upon which such innocent persons should hold under the will not operating to violate the law, nor in contravention of good morals or public policy, the courts can not do otherwise than enforce it. Within the bounds suggested, the law conferred upon the testator full power freely to make any disposition he desired to make of his property. Having kept within those bounds, whether he exercised the right he possessed wisely or unwisely, justly or unjustly, is not for the courts to determine. It is true, as appellant argues it is, that to construe the will as we have indicated it should be construed might operate to permit one of the devisees to elect for all, and by his election to attack the will effect a forfeiture as against those willing to accept under it. In a given case it also might be true, as counsel declares, that "such an effect would be unreasonable, unjust and shocking to the conscience of any court." Whether it would be or not, we think would depend upon all the circumstances surrounding the testator and which might be regarded as having influenced his action. In the absence of a statement of facts showing what those circumstances were in this case, in support of the judgment, were it necessary to do so, we should assume they were of a character to so explain the testator's act as to relieve it of such criticism. But we are of the opinion that if it affirmatively appeared from the record that the will in the particular in question was unreasonable and unjust, the intention of the testator nevertheless being plain, we would have no right to revise or remake the will. "When," said a writer on the subject, "a testator has made known his purposes in respect to his property by the use of plain and unambiguous language, though his purposes

may seem unreasonable, unjust or absurd to others, his will is its own expositor, and a law unto the court, where it violates no principles of law or morality." 30 A. & E. Ency. Law (2d ed.), p. 663, and authorities there cited; 1 Underhill on Wills, sec. 105.

It is further urged on behalf of appellant that a forfeiture of the devise to him could not be accomplished, as determined by the judgment, because he was a minor. If the forfeiture urged depended upon some act or failure to act on his part there might be force in the contention. But it does not. It was accomplished as the result of the conduct of others, which by the terms of the will was to have that effect. Therefore, the fact that he was a minor was of no importance. Harrison v. Foote, 9 Texas Civ. App., 576; 2 Underhill on Wills, pp. 672 to 675.

The plaintiffs in the court below, appellees here, by a number of cross-assignments of error urge objections to the judgment. In the absence of a statement of facts the only one of these assignments we can consider is one questioning the judgment on the ground that it adjudged that all the costs, including a fee to the guardian ad litem, incurred in the suit "up to and including the costs of this decree be taxed against the plaintiffs." Plaintiffs' suit was to try the title to the land and for a partition. All the defendants, except the defendant Joel E. Perry, who in effect made himself a plaintiff by adopting the plaintiffs' pleadings, among other answers, interposed pleas of not guilty. Plaintiffs were adjudged to be the owners of a part of the land they sued for. The statute provides that "the successful party to a suit shall recover of his adversary all the costs expended or incurred therein, except where it is or may be otherwise provided by law." Sayles' Stats., art. 1425. It further provides that in a suit of trespass to try title "where the defendant claims the whole premises, and the plaintiff shows himself entitled to recover a part, the plaintiff shall recover such part and costs." Sayles' Stats., art. 5270. But for good cause, "to be stated on the record," the court may otherwise adjudge the costs. Sayles' Stats., art 1438. As the effect of the pleas of not guilty was to require plaintiffs before recovering any part of the land they sued for to prove their title thereto, why the costs should have been adjudged against them instead of against the defendants is not apparent. If there was a "good cause" for so adjudging the costs, it does not appear to have been "stated on the record." We think, therefore, the judgment rendered in this particular is erroneous. Galveston Land and Improvement Co. v. Perkins, 26 S. W., 256; City of Houston v. Stewart, 40 Texas Civ. App., 499. It will be so reformed as to adjudge all costs incurred in the trial court, except said fee to the guardian ad litem and those incurred by the defendant Mary E. Perry in her cross-action against Joel Perry, to and including the judgment rendered, in favor of the plaintiffs against the defendants. The costs incurred by said Mary E. Perry in her said cross-action will be adjudged in her favor against said Joel Perry. The fee in favor of the guardian ad litem will be adjudged as it was in the trial court. As so reformed, the judgment will be affirmed.

*Reformed and affirmed.*