ACCEPTED
03-14-00708-CV
3910511
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/27/2015 10:41:01 AM
JEFFREY D. KYLE
CLERK

## CAUSE NO. 03-14-00708-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/27/2015 10:41:01 AM
JEFFREY D. KYLE
Clerk

## IN THE COURT OF APPEALS FOR THE THIRD JUDICIAL DISTRICT AUSTIN, TEXAS

## KARLA MERRICK,

*Appellant*

v.

## BONNIE HELTER, Individually and as Independent Executor of the Last Will and Testament of J.C. Cole, Deceased
*Appellee.*

---

## APPELLANT KARLA MERRICK'S BRIEF IN CHIEF

---

## From the Probate Court #1, Travis County, Texas

PAUL M. BOHANNON
Bohannon Legal PLLC
8300 FM 1960 West, Ste. 450
Houston, Texas 77070
281.798.7466
281.254.7914 Fax
Paul@BohannonLegal.com
SBN 02563500

## ORAL ARGUMENT REQUESTED

1

# IDENTITIES OF PARTIES AND COUNSEL

The following is a list of all parties to the trial court's Final Judgment in the underlying proceeding, together with the names and addresses of all counsel in accordance with Texas Rule of Appellate Procedure 38.1(a):

**Appellant/Plaintiff**

Karla Merrick

**Counsel for Appellant/Plaintiff**

Paul M. Bohannon
Bohannon Legal PLLC 8300
FM 1960 West, Ste. 450
Houston, TX 77070

**Appellee/Defendants**

Bonnie Helter, Individually and as Independent Executor of the Last Will and Testament of J.C. Cole, Deceased

**Counsel for Appellee/Defendant**

Alex R. Tandy, Esq.
Scott Phillips
Law Office of Alex R. Tandy, PC.
777 Lonesome Dove Trail, Ste. A
Hurst, TX 76054-6018

# TABLE OF CONTENTS

ORAL ARGUMENT REQUESTED .....................................................1

IDENTITIES OF PARTIES AND COUNSEL .....................................2

TABLE OF CONTENTS ......................................................................3

ABBREVIATIONS...............................................................................5

STATEMENT REGARDING ORAL ARGUMENT.........................7

STATEMENT OF THE CASE .............................................................8

COMMON-SENSE STATEMENT OF ISSUES 9

ESSENTIAL FACTS...........................................................................10

ARGUMENT AND AUTHORITIES ................................................12

   A.  THE RULE OF THE TESTATOR'S WILL IS NOT ABSOLUTE ............. 13

   B.  POINT OF ERROR:  THE PUBLIC POLICY OF THE STATE OF TEXAS ABHORS INDECENCY WITH A CHILD. THE TRIAL COURT, RULING AS A MATTER OF LAW ON MOTION TO DISMISS, ERRED IN FINDING NO BASIS TO APPLY THE PUBLIC POLICY EXCEPTION TO THE BROAD POLICY THAT A BAD MAN MAY DEVISE OR BEQUEST ITS ESTATE AS IT SEE FITS............. 17

   C.  TEXAS STATUTORY POLICY............................................................. 17

   D.  TEXAS REGULATORY POLICY......................................................... 18

   E.  TEXAS NGOS ................................................................................ 19

   F.  VIOLENCE AND DECLARED INTENTION TO PUNISH ........................ 19

   G.  USING INHERITANCE TO SILENCE INDECENCY WITH A CHILD CONTRAVENES THE PUBLIC POLICY OF NO CRIMINAL STATUTE OF LIMITATIONS. ................................................................................. 21

CONCLUSION ...................................................................................21

PRAYER ............................................................................................22

SIGNATURE .....................................................................................24

INDEX OF AUTHORITIES ..............................................................25

APPENDICES BOOKMARKS...........................................................27

   APPENDIX 1 — PERRY V. ROGERS, 52 TEX. CIV. APP. 594, 597, 114 S. W. 897, 899, TEX. APP. LEXIS 423. 8 (TEX. CIV. APP. 1908) (NO WRIT) ................................................................................................. 28

   APPENDIX 2 — TEX. CODE CRIM. PROC. ART. 12.01 .......................... 38

CERTIFICATE OF COMPLIANCE ................................................40

**CERTIFICATE OF SERVICE** .......................................................... **40**

## ABBREVIATIONS

**Parties:**

"Merrick" refers to Karla Merrick, who was the sole child and sole natural bounty of the Deceased.

"Helter" refers to Bonnie Helter, Individually and as Independent Executor of the Last Will and Testament of J.C. Cole. She was the Deceased's half-sister.

"Deceased" refers to Karla Merrick's father, the testator in this case.

**Documents:**

"Will" refers to the Deceased's Last Will and Testament, dated November 23, 2013, executed on his death bed. (CR: 5)

**Record References:**

Citations to the Clerk's Record are in the form of .. CR [pg. no.]

Citations to the Reporter's Record are in the form of.. RR [pg. no.]

**Hyperlinks**

Where a citation is followed by "Appendix," that reference is to a copy of the document in the Appendix and a blue-page hyperlink

from that reference may be used to the specific Appendix.

## STATEMENT REGARDING ORAL ARGUMENT

This appeal arises from a clause in the Will precluding Karla Merrick's inheritance from any of her father's estimated $15,000,000 estate (CR: 109). *The issue is unique in Texas.* Merrick asserts that the Deceased's incestuous indecency with her as a youngster, coupled with his declared punishment of will preclusion for confronting him about the repulsive events trigger the public policy exception to the general rule that even bad people can do what they want with their estate. Merrick respectfully requests oral argument to assist the Court in its determination of the legal considerations that are the foundation of this appeal.

## STATEMENT OF THE CASE

**Nature of the Case**

This case is on appeal from the Probate Court #1 of Travis County, Texas. Karla Merrick, the Deceased's sole child, filed this will contest to challenge her exclusion from the Deceased's will.

**Course of Proceedings**

The issues now presented on appeal arrive from a partial dismissal based on Helter's Motion to Dismiss. (CR: 83) The remaining issue was nonsuited (CR: 105), and the Trial Court entered an order confirming the nonsuit. (CR: 107) The appealed issues were resolved as matter of law determinations on the Partial Motion to Dismiss.

**Trial Court:**

Probate Court #1, Travis County. Hon. Dan F. Prashner presided at the hearing.

**Trial Court's Disposition:**

Without the benefit of evidence and nevertheless assuming Merrick's allegations to be true (RR: 13, L. 8-9), the Trial Court dismissed the claims on Motion to Dismiss. (CR: 107)  Simply stated, the Trial Court was of the opinion that the law did not support the theory. (RR: 13, L. 22-23)  The Trial Court recognized that probate cases "go back to the founding of the Republic ... and limits very

8

sharply those circumstances under which someone with sound mind cannot dispose of their property. I don't think this is one of those." (RR: 14, L 11-15)

## COMMON-SENSE STATEMENT OF ISSUES

While each of the following issues are embedded in a singular issue, the analysis will break the argument into a three-step analysis along these lines. The issue steps presented to this Honorable Court are:

**Public Policy Issues**

1. Is incestuous indecency with a child against the public policy of the State of Texas?

2. Is it against the public policy of the State of Texas for a parent to punish or coerce one's child into silence regarding act of incestuous indecency perpetrated on the child?

**Effect on Will Preclusion**

3. If a parent commits incestuous indecency against its child, can the parent disinherit the child? And, does Texas public policy allow a parent to use its last will and testament to punish or coerce a child who has been abused into silence to protect the parent?

## ESSENTIAL FACTS

The salient facts alleged in this case, assumed to be true on Motion to Dismiss, are:

1. The Deceased engaged in repetitive showers with his early-teen daughter, standing naked with erection before her — his extended penis at her eye level each time. (CR: 29)

2. The Deceased approached his daughter while she was in bed, supposedly asleep, and toyed with her breasts, as he began moving his hands down further she feigned an awake. (CR: 29) The Deceased repeatedly admired his daughter's breasts and buttocks, commenting to her how nice they were, poking and pinching her breasts and buttocks. (CR: 29)

3. The Deceased repeatedly and brutally beat his wife, even in front of his daughter. When his daughter tried to call the police, he prevented the calls in a rage. (CR: 30)

4. In later years, around 2010, the daughter, Karla Merrick, confronted her father about the sexual misdeeds. He first admitted them, stating that he had been confused. His daughter was so pretty and looked so much like her mother. Yet, shortly thereafter, the Deceased denied these things happened, and told the daughter that it was her fault these things happened. (CR: 30)

10

5. The Deceased discontinued communication with the daughter, punishing her for the confrontation. During a tense meeting with the Deceased, the daughter, and his grandchild, he threatened her, stating that the confrontation had cost her $3,000,000. The Deceased then removed her from his will. (CR: 30-31)

6. The Deceased drank heavily, admitting to his doctor as much as one-half gallon every three days. (CR: 30) Karla Merrick began deeply clawing her face, attempting to change her appearance. (CR: 30)

## ARGUMENT AND AUTHORITIES

Appellant Merrick respectfully submits that the Lower Court erred in granting a Motion to Dismiss and submits the following.

The public policy of the State of Texas abhors indecency with a child. It is against public policy to allow a parent to sexually abuse its child, punish that child for confrontation, and then disinherit the child as a part of the punishment. The Trial Court erred in failing to apply the public policy exception to the broad policy that a testator may devise or bequest its estate as it see fits, and erred in determining the foregoing issues on Motion to Dismiss, as both are factually based claims. The Texas Civil Practice and Remedies Code allows a cause of action to be dismissed only if the Plaintiff's claim is not based in law or fact. *Tex. R Civ. P. 91 a. I* A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. *Id.*

"Generally, a 'motion to dismiss' does not address claims on the merits. It is directed to procedural or avoidance issues." *Harris Cnty. Hosp. Dist. v. Textac Partners I, 257 S. W.3d 303 (Tex. App.— Houston [14th Dist.] 2008)*; (noting that involuntary dismissal of a plaintiffs action is generally limited to situations such as those involving a plea in abatement, special exceptions not cured by amendment,

12

mootness, lack of prosecution, or lack of jurisdiction). In *Lane v. Baxter Healthcare Corp. 905 S.W.2d 39 (Tex. App.—Houston [1st Dist] 1995)* the Court agreed that dismissal was not the "proper vehicle to resolve this case because disputed factual issues [require] an evidentiary hearing."

## A.      The Rule Of The Testator's Will Is Not Absolute

Appellee and the Trial Court stand by the proposition that a testator has the absolute right to distribute its property as it sees fit. This is not Texas law. While it is true in Texas that Courts must protect a testator's right to distribute its estate how it sees fit, this is not an absolute rule. Texas courts disallow a testator from violating public policy in its will:

> The condition upon which such innocent persons should hold under the will not operating to violate the law, nor in contravention of good morals or public policy, the courts can not do otherwise than enforce it.

*Perry v. Rogers, 52 Tex. Civ. App. 594, 597, 114 S. W. 897, 899, Tex. App. LEXIS 423. 8 (Tex. Civ. App. 1908) (no writ) [Appendix 1].*

The public policy exception was reiterated in *Marion v. Davis, 106 S.W.3d 860. 869 (Tex. App.—Dallas 2003. pet, denied.],* in which it was stated that

> [E]very person has the right to dispose of his property by will as he sees fit, regardless of how the property is distributed in

13

the will. Gunter v. Pogue, 672 S. W.2d840 (Tex. App.—Corpus Christi 1984), writ refdn.r.e.); Perry v. Rogers, 52 Tex. Civ. App. 594. 114 S. W 897 (1908. no writ). This right is subject to limitation by law or public policy. Stewart v. RepublicBank. Pall.. N.A.. 698 S. W2d 786 (Tex. App.—Fort Worth 1985. writ ref'd n.r.e.)."

And in *Stewart v. RepublicBank. Pall. N.A.. 698 S. W.2d 786*

*(Tex. App.—Fort Worth 1985. writ ref'd n.r.e.)* it was stated that:

> "[o]rdinarily, a testator has a legal right to devise his property as hqe sees fit and to prescribe the terms upon which his bounty should be enjoyed. State v. Rubion. 158 Tex. 43, 308 S. W2d 4 (1957). This right is subject to limitation by law or public policy. *See* 96 C.J.S. *Wills* sec. 977 (1957); 61 Tex. Jur. 2d *Wills* sec. 249 (1964) and cases cited therein."

This long-recognized limitation on testamentary control

parallels contractual law. In *Westchester Fire Ins. Co. v. Admiral Ins.*

*Co., 152 S.W.3d 172 (Tex. App.—Fort Worth 2004, pet. den),* the Fort

Worth Court of Civil Appeals stated:

> Generally, the legislature determines public policy. FMProps. Operating Co. v. City of Austin. 22 S. W. 3d 868 (Tex. 2000). 43 Tex. Sup. Ct. J. 835 (holding legislative power is the power to make rules and determine public policy). Courts look to state statutes and judicial decisions to determine public policy. Stubbs v. Ortega. 977 S. W.2d 718 (Tex. App.—Fort Worth 1998). pet, denied). The supreme court has long held that "contracts against public policy are void and will not be carried into effect by courts of justice." James v. Fulcrod. 5 Tex. 512 (1851).

The Court succinctly explained when a violation of public

policy occurs:

> A contract is against public policy if it is illegal or injurious to

14

the public good. *See* 14 TEX. JUR. 3D *Contracts* § 143 (1997).

*Id.* As we consider the instant circumstances on Motion to Dismiss, can it possibly be suggested that blinking an eye at repeated indecency with one's child is anything but injurious to public good?

Lest there be any doubt, the *Westchester Fire* case went on to explain:

> The Texas Supreme Court has applied the public policy doctrine found in the Restatement of Contracts (Second). *Id.* (citing Beck v. Beck. 814 S.W.2d 745 (Tex. 1991) at 748-49. 34 Tex. Sup. Ct. J. 603 (Tex. 1991). cert, denied. 498 U.S. 1048. 112 L. Ed. 2d 775. Ill S. Ct. 755 *(1991): DeSantis v. WackenhutCorp.. 793 S.W.2d670. 681-82. 33 Tex. Sup. Ct. J. 517 (Tex. 1990) (op. on reh'g))*. Section 178 provides that "a promise or term of an agreement is unenforceable on grounds of public policy if legislation provides that it is unenforceable *or the interest in its enforcement is clearly outweighed in the circumstances by a public policy against the enforcement of such terms.*" Id. at 824 (quoting RESTATEMENT (SECOND) OF CONTRACTS § 178(1) (1981)).

*Westchester Fire Ins. Co. v. Admiral Ins. Co., 152 S.W.3d 172 (Tex. App.—Fort Worth 2004.*

The Court synthesized this into a set of four factors to be considered:

1. The strength of that policy as manifested by legislation or judicial decisions. We will consider this consideration below.

Suffice it to say that the legislative and judicial policies against sexual misconduct are strident.

2. The likelihood that a refusal to enforce the term will further that policy. Lawyers typically draft wills, and would certainly counsel against will exclusion.

3. The seriousness of any misconduct involved and the extent to which it was deliberate. In addition to the fact that the conduct was illegal, the injury to the victim is real and severe. In this case, the factual allegation taken as true in this motion is that Appellant Merrick began deeply scratching her face, then cutting it, to change her appearance. The psychological trauma is, for purpose of this motion apparent.

4. The directness of the connection between that misconduct and the term. While the analysis in *Westchester Fire* is contractual, its application to the present controversy is simple: the sexually offensive acts led Appellant Merrick to confront her father, who then began punishing her and excluded her from his will.

*Westchester Fire Ins. Co. v. Admiral Ins. Co., 152 S.W.3d 172 (Tex. App.—Fort Worth 2004).*

16

**B.     POINT OF ERROR:**

**The public policy of the State of Texas abhors indecency with a child. The Trial Court, ruling as a matter of law on Motion to Dismiss, erred in finding no basis to apply the public policy exception to the broad policy that a bad man may devise or bequest its estate as it see fits.**

The Trial Court either determined that incestuous indecency with a child does not violate public policy, or that this conduct was not of sufficient gravity to warrant the public policy exception to testamentary control (RR: 14, L.11-15). Either way, the Trial Court was in error.

**C.     Texas Statutory Policy**

Texas provides a bevy of statutes decrying sexual misconduct. These statutes, by way of example, demonstrate the public policy of the State of Texas:

> *Tex. Penal Code § 22.021* (Aggravated Sexual Assault)
>
> *Tex. Penal Code § 12.42* (Repeat and Habitual Offenders)
>
> *Tex. Code Crim. Proc. art. 42.12* (Community Supervision)
>
> *Tex. Penal Code § 43.25b* (Sexual Performance by Child)
>
> *Tex. Penal Code § 22.011* (Assaultive Offenses)
>
> *Tex. Penal Code §21.11* (Indecency with a Child)
>
> *Tex. Health & Safety Code § 841.003* (Sexually Violent

17

Predator)

*Tex. Penal Code §33.021* (Online Solicitation of Minor)

*Tex. Lab. Code § 21.051* (Employer Discrimination)

*Tex. Penal Code § 21.12* (Improper Relationship Student and Educator)

*Tex. Penal Code § 22.11* (Harassment in Correctional Institutions)

*Tex. Educ. Code § 51.976* (Training for Employees of Campus for Minors on Warning signs of Sexual Abuse and Child Molestation)

If there is any doubt, consider *Tex. Estates Code § 201.062*, which provides that a probate court may refuse to allow a parent who has abused his child to inherit from that child. The statute is intended to protect a child's estate. It did not address the reverse situation, which is presented in the case before this Court. In fact, this statute demonstrates that indecency with a child is just as significant as sexual assault.

**D.   Texas Regulatory Policy**

The regulatory pronouncements decrying sexual offensives in Texas are so numerous that only a representative few will be cited.

*22 TAC § 375.33* (Podiatric - patient misconduct)

*22 TAC § 75.1* (Chiropractic - patient misconduct)

*22 TAC § 681.41(3)* (Board of Examiners for Professional

18

Counselors)

**E.     Texas NGOs**

Even NGOs receiving funding from the State of Texas are fighting various sexual misdeeds Example references include:

University of Texas School of Social Work, Institute on Domestic Violence and Sexual Assault under contract with the Office of the Attorney General, Office of the Attorney General, "The Texas Response to Human Trafficking, Report to the 81st Legislature," 79,80 at https://www.texasattorneygeneral.gov/files/agency/human_trafficking_2 008.pdf

Texas Association Against Sexual Assault, at http://taasa.org/about/public-policy/ (viewed January 5. 2015).

Texas Council on Family Violence, publishing the State Plan, now the Texas Health & Human Services Commission's Family Violence Program, at http://www.tcfv.org/stateplan/ (viewed January 5. 2015)

**F.     Violence and Declared Intention to Punish**

The allegations in this case, assumed for purpose of the Motion to Dismiss to be true, are that the deceased perpetrated acts of violence against his family, and particularly against Appellant Karla

Merrick, when she was a youth. While Defendants may argue there was no outcry at the time, they seek to shuttle the violent family conditions out of consideration.

Further, the allegations are clear that a confrontation did in fact take place later in time, when Appellant Karla Merrick was an adult. Although initially there was remorse from her father, quickly the typical sexual abuse pattern ensued. He blamed what happened on the victim, Appellant Karla Merrick. At a meeting with his daughter and his granddaughter, the deceased advised both that her confrontation had cost the Appellant Merrick her inheritance. This conduct is tantamount to coercion for silence and punishment for confrontation.

Texas strongly favors reporting of sexual offenses. *Tex. Penal Code § 38.17* (Failure to Stop or Report Aggravated Sexual Assault on Child). The reporting policy is a part of many Texas regulatory structures.

"A person having cause to believe that a child's physical or mental health or welfare has been adversely affected by abuse or neglect by any person shall immediately make a report[.] *Tex. Fam. Code § 261.101(a).* Professionals having reason to believe abuse occurred must report. *25 Tex. Fam. Code 261.101(b).* The duty applies notwithstanding a privilege. *25 Tex. Fam. Code 261.101(c).*

**G. Using Inheritance to Silence Indecency with a Child Contravenes the Public Policy of No Criminal Statute of Limitations.**

Texas does not view sexual misconduct lightly. The State deals harshly with those who abuse children. Texas provides no statute of limitations for indecency with a child. *Tex. Code Crim. Proc. art. 12.01 [Appendix 2]*. Should the Trial Court's decision, made as a matter of law without regard to facts, stand, then any incestuous, sexual predator could use inheritance to silence its child about the testator's filthy and reprehensible conduct. We submit, respectfully yet urgently, that such a holding would so violate Texas public policy that it could vitiate the intent of the legislature's no-statute of limitations provision. And, as an ever-present, looming side note, it would indelibly mark the forehead of any child sexually abused by its parent.

**CONCLUSION**

In summary, it is apparent that Texas statutory, regulatory and NGO public policy loathes sexual misdeeds, including indecency with one's child. The practical question before this Honorable Court of Civil Appeals is: Does the public policy that allows a bad person to bequeath his estate as it sees fit trump the public policy against sexually abusing your child and then punishing the child for that conduct? The answer, Appellant Karla Merrick submits, is obvious.

21

The legislature has in fact spoken on both issues. The policy that a bad man can write his own will is strong, but remains subject to the exceptions of violation of law and public policy. The legislature's position on sexual misdeeds, on the other hand, is clear, unequivocal, and unbending — without exception: sexual misdeeds will not be tolerated.

The State Legislature made it clear that indecency with a child is so heinous that there is no statute of limitations. To sustain the Trial Court's ruling could be used by incestuous sexual predators to silence their own children into submission, thereby avoiding criminal prosecution.

The issue, decided at the preliminary Motion to Dismiss stage, was improvidently decided.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Petitioner Karla Merrick respectfully prays that this Honorable Court:

A. Reverse the decision of the Trial Court;

B. Remand the case to the Trial Court for further proceedings consistent with its opinion;

C. Hold that as a matter of law, it is the public policy of the State of Texas that incestuous indecency with a child is contrary to the public policy of the State of Texas;

D. Hold that as a matter of law, it is against the public policy of the State of Texas for a parent to use its last will and testament as a coercive tool to silence its child about acts of indecency with the child.

E. Costs and such other and further relief as this Honorable

Court may deem just and proper.

**SIGNATURE**

PAUL M. BOHANNON

Bohannon Legal PLLC
8300 FM 1960 West
Ste. 450
Houston, Texas 77070
281.798.7466
281.254.7914 Fax
**paul@BohannonLegal.com**
SBN 02563500

# INDEX OF AUTHORITIES

## Cases

Harris Cnty. Hosp. Dist. v. Textac Partners I, 257 S. W.3d 303 (Tex. App.—Houston [14th Dist.] 2008)...................................................................................................................... 12

Marion v. Davis, 106 S.W.3d 860. 869 (Tex. App.—Dallas 2003. pet, denied.].................... 13

Perry v. Rogers, 52 Tex. Civ. App. 594, 597, 114 S. W. 897, 899, Tex. App. LEXIS 423. 8 (Tex. Civ. App. 1908) (no writ) ....................................................................................... 13

Stewart v. RepublicBank. Pall. N.A.. 698 S. W.2d 786 (Tex. App.—Fort Worth 1985. writ ref'd n.r.e.)..................................................................................................................... 14

Westchester Fire Ins. Co. v. Admiral Ins. Co., 152 S.W.3d 172 (Tex. App.—Fort Worth 2004, pet. Den ............................................................................................ 14, 15

## Statutes

25 Tex. Fam. Code 261.101(b) ......................................................................................... 20

25 Tex. Fam. Code 261.101(c). ........................................................................................ 20

Tex. Code Crim. Proc. art. 12.01....................................................................................... 21

Tex. Code Crim. Proc. art. 42.12....................................................................................... 17

Tex. Educ. Code § 51.976................................................................................................. 18

Tex. Estates Code § 201.062............................................................................................. 18

Tex. Fam. Code § 261.101(a) ........................................................................................... 20

Tex. Health & Safety Code § 841.003 ............................................................................... 17

Tex. Lab. Code § 21.051................................................................................................... 18

Tex. Penal Code § 12.42 .................................................................................................. 17

Tex. Penal Code § 21.12 .................................................................................................. 18

Tex. Penal Code § 22.011 ................................................................................................ 17

Tex. Penal Code § 22.021 ................................................................................................ 17

Tex. Penal Code § 38.17 .................................................................................................. 20

Tex. Penal Code § 43.25b ................................................................................................ 17

Tex. Penal Code §21.11 ................................................................................................... 17

Tex. Penal Code §33.021 ................................................................................................. 18

25

## Rules

*Tex. R Civ. P. 91 a. I* ................................................................................................ 12

## Regulations

22 TAC § 375.33 ..................................................................................................... 18

22 TAC § 681.41(3) ................................................................................................. 18

22 TAC § 75.1 ......................................................................................................... 18

## Web

Texas Association Against Sexual Assault, at ......................................................... 19

Texas Council on Family Violence .......................................................................... 19

University of Texas School of Social Work, .............................................................. 19

# APPENDICES BOOKMARKS

Appendix 1 — Perry v. Rogers, 52 Tex. Civ. App. 594, 597, 114 S. W. 897, 899, Tex. App. LEXIS 423. 8 (Tex. Civ. App. 1908) (no writ) .. 28

**Appendix 2 — Tex. Code Crim. Proc. art. 12.01**

 …40

Return to Table of Contents  …… 3

**Appendix 1 — <u>Perry v. Rogers, 52 Tex. Civ. App. 594, 597, 114 S. W. 897, 899, Tex. App. LEXIS 423. 8 (Tex. Civ. App. 1908) (no writ)</u>**

Return to Table of Contents  …… 3

# <J>Perry v. Rogers, 52 Tex. Civ. App. 594

Copy Citation

Court of Civil Appeals of Texas

December 10, 1908, Decided

No Number in Original

**Reporter** **52 Tex. Civ. App. 594** | 114 S.W. 897 | 1908 Tex. ADD. LEXIS 423

Alba B. Perry v. J. A. Rogers et al.

**Prior History:** Appeal from the District Court of Dallas County. Tried below before Chas. Fred Tucker, Esq., Special Judge.

**Disposition:** Reformed and affirmed.

## Core Terms

the will, first marriage, testator, devised, adjudged, marriage, costs, surviving wife, partition, acres, forfeiture

## Case Summary

### Procedural Posture

Defendant, a testator's son from the testator's first marriage, sought review of the decision of the District Court of Dallas County (Texas) that entered judgment in favor of plaintiff testator's children in plaintiffs' action against the testator's son and defendants, testator's other children and his surviving fourth wife, to try the title to and for a partition of certain real property devised by the testator in his will.

**Overview**

The real property in dispute belonged to the community estate of the testator and his first wife and, therefore, the testator did not have the right to dispose of the property without the consent of the children that were born of that marriage. As a result, his will provided that, if those children did not consent to his proposed distribution, his share of that community property was to pass to his surviving wife for the benefit of their children. The son argued that the result of that clause was to declare a forfeiture of his rights under the will. Although the court agreed that the testator's will appeared to be somewhat unjust, the court affirmed the judgment, opining that a testator's intention was to control as along as it did not violate the law or contravene its policy. The court explained that the testator's intent was clear from the plain and unambiguous language of his will, and that it had no authority to refuse to enforce his intention even though the results seemed unreasonable.

**Outcome**

The court reformed the judgment with respect to the allocation of costs and, as so reformed, affirmed the judgment.

## Headnotes/Syllabus

**Headnotes**

**Devise ~ Contest of Will ~ Forfeiture.**

A will devised specific tracts of land to children of the testator by former marriage, out of his community interest in such land, but provided that: "If at any time any should attempt or proceed in changing or breaking my aforesaid will, then it is my wish and desire that the half interest that I hold and possess in all my estate, both real and personal, be given and I hereby bequeath the same to my present wife for the benefit of my sons, Oscar D. and Louis Perry, sons of my present wife by me." Certain of the devisees elected not to take under the will and brought suit in trespass to try title to recover their interest as heirs, joining as defendant with others, a minor devisee, a child of the former marriage, who did not join in their action to break the will. Held:

(1) Whether or not the forfeiture incurred by bringing the action operated against the minor devisee who did not participate in such attempt to break the will, depended on the intent of the testator, which must control if not violating the law or contravening its policy.

(2) The apparent intention of the testator (his specific devises making a partition between the devisees and the holders of the other community half interest in the land, valid only with their consent) was to pass his entire interest to his present wife in case their refusal made such

(3) The intention of the will was plain and must be enforced, though it operated to forfeit, by the election of other devisees, the interest of the minor who was innocent of any act constituting a forfeiture.

(4) In the absence of a statement of facts showing all the circumstances surrounding the testator, his disposition of the property could not be held unreasonable or unjust.

(5) A will which seems unreasonable, unjust or absurd, cannot be disregarded if it violates no principle of law or morality.

(6) The fact that the party sought to be affected by the election was a minor was immaterial

where the election by which his devise was to be defeated was not exercised by himself but by another.

## Costs.

In an action of trespass to try title in which the defendants plead not guilty, putting plaintiffs to proof of their right to recover, a judgment in plaintiff's favor should carry the costs of the suit, in the absence of circumstances demanding their taxation otherwise.

**Counsel:** Newton P. Morrison, for appellant.

The provisions of section No. 13 of the will of Wm. M. Perry are in contravention of law, in this, that the testator has no authority to create a condition by which the vested estate of appellant can be destroyed and forfeited by the conduct of plaintiffs, in which appellant has in nowise joined, and over which he has no control. Where a condition subsequent is so worded that by a strict and literal construction it might apply to several parties, only a part of whom violated the condition, a reasonable construction will make it operate only against the particular ones actually violating the condition, that being the reasonable intention of the testator. The power of election for a minor rests alone in the court, or some officer acting for the court, and it is not in the power of the testator, by will, to transfer that power and place it in a party adversely interested with the appellant. Chew's appeal, 45 Pa. St., 228; Friend's case, 68 L. R. A., 447; King v. Grant, 55 Conn., 166; Rockwell v. Swift, 59 Conn., 289; Bryan v.

Thompson, 59 Hun, 545; In re Vandervort, 62 Hun, 612; 2 Williams on Exs., note (n) (35).

Harry P. Lawther, for Mrs. Jennie Perry, appellee.

In this State, both by the statutes of conveyances and of wills, there is absolute freedom of alienation of lands, or of any interest therein. Rev. Stats., arts. 624, 626, 627, 632, 633, 637, 5334.

A condition subsequent which is neither illegal, impossible of performance, immoral nor impolitic has always been upheld. 30 Am. & Eng. Ency. of Law (2d ed.), pp. 799-801; Note to Re Friend, 68 L. R. A., 449; Harrison v. Foote. 30 S.W. 839.

In the construction of wills the intent of the testator is the polar star, and such intention is to be gathered from the writing, if plain and intelligible. 30 Am. & Eng. Ency. of Law (2d ed.), p. 661; Philleo v. Holliday, 24 Tex. 38; Lenz v. Sens, 66 S.W. 11.

W. W. Hillebrant, for James A. Rogers and others, appellees.

**Judges:** WILLSON, Chief Justice.

**Opinion by:** WILLSON      Opinion

[595]  WILLSON, Chief Justice.—There is no statement of facts in the record. From allegations in the pleadings it appears that W. M. Perry died testate in Dallas County, March 1, 1906, leaving surviving him his fourth wife and children by her and the wives of his first and third marriages. By his will (duly probated, it was averred, and as an exhibit made part of the answer of certain of the defendants) he devised to his surviving wife, M. E. Perry, twenty-five acres of land; to appellant, Alba B. Perry and Mamie A. Smith, children of his third marriage, ten acres each; to Agnes A. Rodgers, Julia. A. Brown, Sarah A. Smith, Mary E. Prescott, James E. Perry and Joel E. Perry, children of the first marriage, nine acres each; and to Wm. A. Perry, also a child of the first marriage, nine and sixty-seven one hundredths acres. Each of the parcels of land so devised was described in the will by its metes and bounds. To the children of the first marriage he also devised jointly a tract of six and one-half acres. Following the provisions in the will covering the devises mentioned and one of personal property to his surviving

wife for use as specified, was the following further provision: "13th. If at any time any should attempt or should proceed in changing or breaking my aforesaid will, then it is my wish and desire that the half interest that I hold and possess in all my estate, both real and personal, be given and I hereby bequeath the same to my present wife

for the benefit of my sons, Oscar D. and Louis Perry, sons of my present wife by me." The suit was by children of the first marriage against other children of that marriage and against the surviving wife and children of the fourth and third marriage, to try the title to and for a partition of the land devised. Robert Perry,  [596]  a child of the fourth marriage, born after the death of his father, Oscar and Louis, children of the same marriage, and appellant, being minors, a guardian ad litem was appointed to defend the suit as to them. The court charged the jury as

matter of law that the land devised by W. M. Perry belonged to the community estate between himself and the wife of his first marriage and submitted to the jury certain special issues, which, and the findings on same, we think it not necessary to state here. By this judgment the court determined that "by clause 13 of the will," quoted above, "the devises and bequests in said will out of his half interest in said estate previously made to his wife, Mary E. Perry, and his children, Alba B. Perry, Mamie A. Smith, Agnes A. Rodgers, Julia A. Brown, Sarah A. (Annie) Smith, Martha E. Prescott, James E. Perry, Joel E. Perry, and W. A. Perry were by the action of the plaintiffs herein in refusing to elect to take under said will and in bringing this action, and by the act of said defendant Joel E. Perry in joining with said plaintiffs in such refusal, forfeited; resulting in the children of the said Wm. M. Perry by his first wife, Sarah J. Perry, taking no interest in the lands described herein except such share as they are entitled to as heirs of their mother, Sarah J. Perry, and in the children by his third wife, Alba B. Perry, and Mamie A. Smith taking no interest in the said lands; and in said defendant, Mary E. Perry, his surviving wife, being vested with the said Wm. M. Perry's entire interest in said lands, the same being 107-192 of the whole for the use of said two children, Oscar and Louis Perry, less a one-half interest in the same, to which the said child Robert Perry is entitled as an after-born child, no provision having been made for him in his father's will." As between children of the first marriage and the widow and children of the fourth marriage a partition was ordered, giving to the children of the first marriage the share they were entitled to as heirs of their mother, to the widow certain interests purchased by her of children of the first marriage, and of the children of the fourth

*After stating the case:—It* is insisted on behalf of appellant that title to the ten acres of land devised to him having vested in him, and he not having offered or attempted to "change or break" the will, the judgment rendered is erroneous, insofar as it declares a forfeiture of his rights under the will and fails to adjudge to him in the partition ordered the interest represented by the devise to him. Whether the contention should prevail or not depends upon whether the testator intended that the forfeiture clause in the will should so operate or not. For ***HNIT*** this intention must be held to control, when to give it effect will not violate the law or contravene its policy. Parker v. Parker. 10 Tex. 83: Vardeman v. Lawson. 17 Tex. 10: Campbell v. Shotwell. 51 Tex. 27. The land being community property of the first marriage, and undivided, the testator could not by his will partition it, and of course could not so dispose of the deceased wife's share as to bind her heirs. In the clause in question of the will the testator recognized the fact that he owned only an [597] interest in the property, and not the whole of it. Knowing this, he, of course, knew that without the

consent of the owners of the other part he could not dispose of the whole. It is evident, therefore, we think, that his purpose was a double and alternative one—the children of the first marriage consenting, to partition among them and the other devisees for whom he wished to provide, the property of the first marriage; or, said children not consenting, to dispose of his undivided interest to the benefit of his surviving wife and their children, and to the exclusion of the children of the first and third marriages. If such was his intention it was a lawful one, and his will should be so construed as to give it effect. That it was his intention that his surviving wife and their children should take his interest in the property to the exclusion of every other person, in the event the disposition made by him of the property should not be effective because not acquiesced in by one entitled to object thereto, we think was made as clear as language could evidence it. The will declared that in such an event: "It is my wish and desire that the half interest that I hold and possess in all my estate, both real and personal, be given, and I hereby bequeath the same, to my present wife for the benefit of my sons, Oscar D. and Louis Perry, sons of my present wife by me." The intention being plain, that to give it effect will operate to deprive devisees, innocent of any attack on his right to dispose of the property, of the benefit it conferred upon them, furnishes no reason why his will should not be enforced as he intended it should be. The condition upon which such innocent persons should hold under the will not operating to violate the law, nor in contravention of good morals or public policy, the courts can not do otherwise than enforce it. Within the bounds suggested, the law conferred upon the testator full power freely to make any disposition he desired to make of his property. Having kept within those bounds, whether he exercised the right he possessed wisely or unwisely, justly or unjustly, is not for the courts to determine. It is true, as appellant argues it is, that to construe the will as we have indicated it should be construed might operate to permit one of the devisees to elect for all, and by his election to attack the will effect a forfeiture as against those willing to accept under it. In a given case it also might be true, as counsel declares, that "such an effect would be unreasonable, unjust and shocking to the conscience of any court." Whether it would be or not, we think would depend upon all the circumstances surrounding the testator and which might be regarded as having influenced his action. In the absence of a statement of facts showing what those circumstances were in this case, in support of the judgment, were it necessary to do so, we should assume they were of a character to so explain the testator's act as to relieve it of such criticism. But we are of the opinion that if it affirmatively appeared from the record that the will in the particular in question was unreasonable and unjust, the intention of the testator nevertheless being plain, we would have no right to revise or remake the will. H/V2? "When," said a writer on the subject, "a testator has made known his purposes in respect to his property by the use of plain and unambiguous

language, though his purposes **[598]** may seem unreasonable, unjust or absurd to others, his will is its own expositor, and a law unto the court, where it violates no principles of law or morality." 30 A. & E. Ency. Law (2d ed.), p. 663, and authorities there cited; 1 Underhill on Wills, sec. 105.

It is further urged on behalf of appellant that a forfeiture of the devise to him could not be accomplished, as determined by the judgment, because he was a minor. If the forfeiture urged depended upon some act or failure to act on his part there might be force in the contention. But it does not. It was accomplished as the result of the conduct of others, which by the terms of the will was to have that effect. Therefore, the fact that he was a minor was of no importance. Harrison v. Foote. 9 Tex. Civ. ADD. 576: 2 Underhill on Wills, pp. 672 to 675.

The plaintiffs in the court below, appellees here, by a number of cross-assignments of error urge objections to the judgment. In the absence of a statement of facts the only one of these assignments we can consider is one questioning the judgment on the ground that it adjudged that all the costs, including a fee to the guardian ad litem, incurred in the suit "up to and including the costs of this decree be taxed against the plaintiffs." Plaintiffs' suit was to try the title to the land and for a partition. All the defendants, except the defendant Joel E. Perry, who in effect made himself a plaintiff by adopting the plaintiffs' pleadings, among other answers, interposed pleas of not guilty. Plaintiffs were adjudged to be the owners of a part of the land they sued for. The statute provides that _HN3"*_ "the successful party to a suit shall recover of his adversary all the costs expended or incurred therein, except where it is or may be otherwise provided by law." Sayles' Stats., art. 1425. It **H/V4?** further provides that in a suit of trespass to try title "where the defendant claims the whole premises, and the plaintiff shows himself entitled to recover a part, the plaintiff shall recover such part and costs." Sayles' Stats., art. 5270. But for good cause, "to be stated on the record," the court may otherwise adjudge the costs. Sayles' Stats., art 1438. As the effect of the pleas of not guilty was to require plaintiffs before recovering any part of the land they sued for to prove their title thereto, why the costs should have been adjudged against them instead of against the defendants is not apparent. If there was a "good cause" for so adjudging the costs, it does not appear to have been "stated on the record." We think, therefore, the judgment rendered in this particular is erroneous. Galveston Land and Improvement Co. v. Perkins, 26 S.W. 256; City of Houston v. Stewart, 40 Tex. Civ. App. 499. It will be so reformed as to adjudge all costs incurred in the trial court, except said fee to the guardian ad litem and those incurred by the defendant Mary E. Perry in her cross-action against Joel Perry, to and including the judgment rendered, in favor of the plaintiffs against the defendants. The costs incurred by said Mary E. Perry in her said cross-action will be adjudged in her favor against said Joel Perry. The fee in favor of the guardian

ad litem will be adjudged as it was in the trial court. As so reformed, the judgment will be

affirmed. *Reformed and affirmed.*

**Appendix 2 —** <u>Tex. Code Crim. Proc. art. 12.01</u>

*Texas Statutes and Codes* > *CODE OF CRIMINAL PROCEDURE* > *TITLE 1. CODE OF CRIMINAL PROCEDURE OF 1965* > *LIMITATION AND VENUE* > *CHAPTER 12. LIMITATION*

## Art. 12.01. Felonies

Except as provided in Article 12.03, felony indictments may be presented within these limits, and not afterward:

(1) no limitation:

    (A) murder and manslaughter;

    (B) sexual assault under *Section 22.011(a)(2). Penal Code,* or aggravated sexual assault under *Section 22.021(a)(1)(B). Penal Code*:

    (C) sexual assault, if during the investigation of the offense biological matter is collected and subjected to forensic DNA testing and the testing results show that the matter does not match the victim or any other person whose identity is readily ascertained;

    (D) continuous sexual abuse of young child or children under *Section 21.02. Penal Code*:

    (E) indecency with a child under *Section 21.11. Penal Code*:

LexisNexis ® Texas Annotated Statutes
Copyright © 2015 by Matthew Bender & Company, Inc. a member of the LexisNexis Group All rights reserved.

PAUL BOHANNON

## CERTIFICATE OF COMPLIANCE

COMES NOW the Appellant Karla Merrick and hereby certifies that this document contains 2,368 words.

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that undersigned counsel served the foregoing document on Defendants Bonnie Helter Individually and as Executor of the Estate of J.C. Cole, by delivery to opposing counsel of record, Alex R. Tandy, Esq., by EServe this January 22, 2015.

PAUL M. BOHANNON

*Paul Bohannon*

Bohannon Legal PLLC 8300 FM 1960
West, Ste. 450 Houston, Texas 77070
281.798.7466
281.254.7914 Fax
paul@BohannonLegal.com
SBN 02563500