ACCEPTED
03-14-00708-CV
4249886
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/23/2015 3:08:10 PM
JEFFREY D. KYLE
CLERK

**CAUSE NO. 03-14-00708-CV**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
2/23/2015 3:08:10 PM
JEFFREY D. KYLE
Clerk

**IN THE COURT OF APPEALS FOR THE THIRD
JUDICIAL DISTRICT
AUSTIN, TEXAS**

**KARLA MERRICK,**

*Appellant*

v.

**BONNIE HELTER, Individually and as Independent Executor of
the Last Will and Testament of J.C. Cole, Deceased**
*Appellee.*

---

**APPELLANT KARLA MERRICK'S REPLY BRIEF**

---

**From the Probate Court #1, Travis County, Texas**

PAUL M. BOHANNON
Bohannon Legal PLLC
8300 FM 1960 West, Ste. 450
Houston, Texas 77070
281.798.7466
281.254.7914 Fax
Paul@BohannonLegal.com
SBN 02563500

# IDENTITIES OF PARTIES AND COUNSEL

The following is a list of all parties to the trial court's Final Judgment in the underlying proceeding, together with the names and addresses of all counsel in accordance with Texas Rule of Appellate Procedure 38.1(a):

**Appellant/Plaintiff**

Karla Merrick

**Counsel for Appellant/Plaintiff**

Paul M. Bohannon
Bohannon Legal PLLC 8300
FM 1960 West, Ste. 450
Houston, TX 77070

**Appellee/Defendants**

Bonnie Helter, Individually and as Independent Executor of the Last Will and Testament of J.C. Cole, Deceased

**Counsel for Appellee/Defendant**

Alex R. Tandy, Esq.
Scott Phillips
Law Office of Alex R. Tandy, PC.
777 Lonesome Dove Trail, Ste. A
Hurst, TX 76054-6018

**TABLE OF CONTENTS**

IDENTITIES OF PARTIES AND COUNSEL ............................... 2

TABLE OF CONTENTS ...................................................... 3

ABBREVIATIONS ............................................................ 4

REPLY ARGUMENT AND AUTHORITIES ............................... 6

Reply 1.  Appellee's Argument Regarding the Texas Estate Code Converts the Two-Fold Exception into a Singular Exception to the Testator's Rights ............................................................... 6

Reply 2. Coercing One's Child to Silence is a Further Step Against Public Policy ................................................................... 9

CONCLUSION ................................................................ 9

PRAYER ...................................................................... 10

INDEX OF AUTHORITIES ............................................... 12

CERTIFICATE OF COMPLIANCE ...................................... 13

CERTIFICATE OF SERVICE ............................................ 13

# ABBREVIATIONS

**Parties:**

"Merrick" refers to Karla Merrick, who was the sole child and sole natural bounty of the Deceased.

"Helter" refers to Bonnie Helter, Individually and as Independent Executor of the Last Will and Testament of J.C. Cole. She was the Deceased's half-sister.

"Deceased" refers to Karla Merrick's father, the testator in this case.

**Documents:**

"Will" refers to the Deceased's Last Will and Testament, dated November 23, 2013, executed on his death bed. (CR: 5)

**Record References:**

Citations to the Clerk's Record are in the form of .. CR [pg. no.]

Citations to the Reporter's Record are in the form of.. RR [pg. no.]

**Hyperlinks**

All references or citations underlined are hyperlinked to the documents in either Lexis or the internet. Depending upon your

software, the Lexis links may or may not automatically open.  Where a citation is followed by "Appendix", that reference is to a copy of the document in the Appendix.  These references are not hyperlinked internally.

## REPLY ARGUMENT AND AUTHORITIES

Appellee's Brief, in summary, seeks comfort in one very general proposition:

1. Only the Texas legislature can establish public policy for the State, implemented by specific statute.

2. The Texas Estate Code gives unfettered ability to a testator to bequeath its property as the testator sees fit.

Appellant Merrick respectfully submits that both propositions are inappropriately generic, resulting in significant changes in Texas public policy of the nature that citizens and the legislature would disdain.

### Reply 1. Appellee's Argument Regarding the Texas Estate Code Converts the Two-Fold Exception into a Singular Exception to the Testator's Rights

The law in Texas, since at least 1908 in _Perry v. Rogers, 52 Tex. Civ. App. 594, 597, 114 S.W. 897, 899 (no writ)_, has been that a testator in Texas – even a rapist – can do what it wants with its will – subject, however, to two fundamental limitations: A testator cannot, by use of the will, implement or solicit a violation of law. For example, if a testator imposed a gifting condition that a beneficiary were to received a gift of a million dollars if the beneficiary killed someone, that clause would be unenforceable. I submit that Appellees do not contest this

exception. Hence, Appellees tacitly if not expressly accept *Perry v. Rogers*.

Appellee's statutory argument regarding the public policy exception cleverly disguises a change in Texas law that has stood for over 100 years.

Appellee argues that public policy is established by the legislature. We agree with that as a first step. Appellee, however, seeks to lure the Court into abolishing the public policy exception by arguing that it is the legislature who must change the statute to protect inheritance rights of children sexually abused by their fathers. Stated another way, Appellees suggest that Appellant Merrick should become a galvanizing icon to facilitate the legislature's attention to the situation – thereby allowing Helter to tuck the $15 million inheritance into her purse and ignore the sins that have happened.

This is wrong – legally wrong. If the only way public policy applies is by specific statutory provision, then there is only one exception: a violation of statute. Hence, public policy is no longer an exception to the testator's gifting privileges.

Appellees, hailing from Nebraska, chortle at the multitude of Texas statutes declaring a public policy against sexual crimes, including

indecency with a child. Those statutes have no relevance to this case, they suggest. It makes no difference that Texas has declared, through many statutes, that sexual indecency with a child – for that matter, even rape – is against the law. Absent a very specific factual statute, parents can have their way with their children in Texas.

Appellees' argument on page 5 of their brief argues that the Tex. Est. Code Ann. § 251.002 is absolute: a testator can gift as it sees fit. Period. Hence, Appellees argue that the Texas Legislature has sanctioned solicitation and commitment of crimes through the use of wills. If the statute is absolute (contrary to earlier cited cases), then the legislature has declared that you can include a bequest conditioned on killing someone.

Appellees continue to point to *In re Burt's Estate, 169 A.2d 32 (Vt. 1961)* for the proposition that a thoroughly bad man may make a valid will. Yet *In re Burt's Estate* does not state that one can violate the law or contravene public policy. In fact, the case focused on whether being mean or of violent character restricted his gifting ability. The court did not consider whether the will exclusion implemented a violation of law or of public policy.

**Reply 2. Coercing One's Child to Silence is a Further Step Against Public Policy**

Appellees adroitly avoid discussion of the coercion argument. Texas provides no statute of limitations for indecency with a child. *Tex. Code Crim. Proc. art. 12.01.* Deceased's fraudulent and coercive conduct against his child, seeking to punish her for confrontation, is repulsive. More to the point, such conduct could be a tool to avoid criminal prosecution even at the latter point in his life. Appellees decry Merrick's failure to withstand the drunken violence, gun threats, and beatings to come forward against her father. These are typical arguments against a victim that has held her outcry inside her heart. They also are factual arguments advanced to this Court by Appellees in defending an Order of Dismissal.

Allowing this type of coercion enables sexual, incestuous predators to hide from prosecution. And that would be against public policy.

**CONCLUSION**

The essential question before this Court is whether it is against public policy to perpetrate incestuous indecency with a child. If so, the

9

Order of Dismissal was improvidently granted. The case should proceed to trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Petitioner Karla Merrick respectfully prays that this Honorable Court:

A. Reverse the decision of the Trial Court;

B. Remand the case to the Trial Court for further proceedings consistent with its opinion;

C. Hold that as a matter of law, it is the public policy of the State of Texas that incestuous indecency with a child is contrary to the public policy of the State of Texas;

D. Hold that as a matter of law, it is against the public policy of the State of Texas for a parent to use its last will and testament as a coercive tool to silence its child about acts of indecency with the child.

E. Costs and such other and further relief as this Honorable

Court may deem just and proper.

PAUL M. BOHANNON

Bohannon Legal PLLC
8300 FM 1960 West
Ste. 450
Houston, Texas 77070
281.798.7466
281.254.7914 Fax
**paul@BohannonLegal.com**
SBN 02563500

# INDEX OF AUTHORITIES

*Cases*

*In re Burt's Estate, 169 A.2d 32 (Vt. 1961)* ............................................. 8

*Perry v. Rogers, 52 Tex. Civ. App. 594, 597, 114 S.W. 897, 899 (no writ)* .......................................................................................... 6, 7

*Statutes*

Tex. Code Crim. Proc. art. 12.01 ............................................................ 9

Tex. Est. Code Ann. § 251.002 ............................................................... 8

## CERTIFICATE OF COMPLIANCE

COMES NOW the Appellant Karla Merrick and hereby certifies that this document contains 914 words.

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that undersigned counsel served the foregoing document on Defendants Bonnie Helter Individually and as Executor of the Estate of J.C. Cole, by delivery to opposing counsel of record, Alex R. Tandy, Esq., by EServe this February 23, 2015.

PAUL M. BOHANNON

Bohannon Legal PLLC 8300 FM 1960
West, Ste. 450 Houston, Texas 77070
281.798.7466
281.254.7914 Fax
paul@BohannonLegal.com
SBN 02563500